## FISHER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 6, September Term,. 1961 (Adv.).]

*Decided June 23, 1961.*

Before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

PER CURIAM.

In this application for leave to appeal from the order denying post conviction relief from his imprisonment for larceny, the applicant contends (i) that he is innocent; (ii) that he did not testify in his own behalf because his court-appointed counsel directed him not to do so; (iii) that he was convicted on the perjured testimony of the complaining witness; and (iv) in the alternative, the applicant seeks the grant of a lesser sentence or probation.

As to the claim of innocence, involving as it does the sufficiency of the evidence, the statute specifically provides that the post conviction remedy is not a substitute for remedies incident to trial (such as a motion for a new trial) or a direct appeal. Code (1960 Cum. Supp.), Art. 27, § 645A (b); *Barbee v. Warden,* 220 Md. 647, 151 A. 2d 167 (1959).

With respect to the contention that his counsel prevented him from testifying, we have often held that such an allegation, without more, is without merit. See *Rayne v. Warden,* 223 Md. 688, 165 A. 2d 474 (1960).

Likewise, the claim of perjury, absent a showing that the State knowingly used perjured testimony, is also without merit. *State v. D'Onofrio,* 221 Md. 20, 155 A. 2d 643 (1959).

Finally, the request for a reduction of sentence or probation was a matter which should have been seasonably ad-

'dressed to the trial court. In any event, the sentence of three years was within the statutory limits. See *Rahe, Jr. v. State,* 222 Md. 508, 161 A. 2d 696 (1960).

*Application denied.*