## MEREDITH *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 10, September Term, 1961 (Adv.).]

*Decided July 10, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

MARBURY, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Criminal Court of Baltimore, dated March 30, 1961, after a verdict of a jury finding that the applicant was a defective delinquent, recommitting him to the Patuxent Institution under the provisions of Code (1960 Cum. Supp.), Art. 31B, § 11.

On January 13, 1958, the applicant had been sentenced to not more than three years in the Maryland State Reformatory

for Males by the Criminal Court of Baltimore (Niles, C. J.) after indictment, arraignment, and a plea of guilty on the charge of burglary. The court ordered the applicant to be sent to Patuxent Institution for examination, and on January 13, 1958, a medical report was filed, followed by a report of Dr. Boslow, Director of Patuxent Institution, dated April 21, 1958, finding the applicant to be a defective delinquent. On October 21, 1958, after a hearing and the appearance of counsel appointed by the court, the applicant was found to be a defective delinquent, as defined in Code (1957), Article 31B, § 5, his sentence to the Maryland State Reformatory for Males was suspended, and he was committed to Patuxent Institution, subject to the further order of the court. On March 28, 1961, the applicant, having been confined for more than two years, as set forth in Article 31B, § 10, *supra,* petitioned for redetermination of his defective delinquency and was represented in connection with said petition for redetermination by counsel of his own choice. A jury trial was prayed in connection with such redetermination and upon the finding of the jury in the latter proceeding, the order which is the subject of this application was issued. On April 4, 1961, the applicant filed a motion for a new trial, in proper person, with Judge Manley, who issued the order of recommitment. On April 13, 1961, while the motion for new trial was pending, the applicant filed the present application. On April 21, 1961, the applicant filed a supplement to his pending motion for a new trial, and on the same date the motion for a new trial was heard and denied by Judge Manley. The reasons asserted by the applicant for the reversal of Judge Manley's order of recommitment are: (1) That Dr. Boslow, the Director of Patuxent Institution, committed perjury in stating that the applicant was having hallucinations and fantasies, and was emotionally unbalanced; and (2) that the applicant will be subjected to cruel and inhuman treatment by reason of the necessity of coming into almost daily contact with a certain inmate of the Institution, who at a previous time attempted to take the applicant's life.

The reason asserted for the applicant's first contention is that in October, 1959, the applicant was attacked by a fellow

inmate, Freddie Hayden, and as a result thereof was severely injured; that Dr. Boslow testified that the latter inmate was in protective custody, whereas the applicant states that subsequent to the attack, the said Freddie Hayden was returned to the active prison population, where he was free to commit such aggressive acts again in the future.

As to the assertion of perjury on the part of Dr. Boslow, it is clear that the mere bald statement alleging perjury amounts to no more than a contention that Dr. Boslow was wrong. That is, in substance, a contention that the jury should not have believed him. The jury is, of course, the body to determine the credibility of the witnesses.

Insofar as concerns the applicant's assertion that he is being denied rights under the Eighth Amendment to the Constitution of the United States, in that he is being subjected to cruel and unusual punishment, we point out that the Eighth Amendment is not applicable to the States. However, if that provision of the United States Constitution were to be considered applicable, or if the applicant's assertion were to be considered under Article XVI of the Declaration of Rights of Maryland, it is clear that the matters of which he complains in his application would not constitute cruel and unusual punishment (aside from any question of whether the applicant is being "punished" by reason of commitment under the Defective Delinquent law). In *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698, we held that this law was civil, not criminal, in nature and violated no provisions of the State or Federal Constitutions. In *Kemmerer v. Benson,* 165 F. 2d 702, *cert. den.* 334 U. S. 849, after appellant had been charged with a criminal offense, but having been adjudicated a sexual psychopathic person and transferred to the custody of the warden of the state prison in Southern Michigan for observation, care and treatment, so to remain until he had fully and permanently recovered from such psychopathy, his confinement was approved. See annotation in 24 A.L.R. 2nd 350, 362, entitled "Cruel and Unusual Punishment." By analogy the Supreme Court of the United States has upheld as constitutional various state laws providing for the indeterminate confinement of habitual criminals. *Carlesi v. People of the State of New*

*York,* 233 U. S. 51; *Graham v. West Virginia,* 224 U. S. 616; 25 Am. Jur., § 3, p. 261, *Habitual Criminals.*

Moreover, there is nothing in the applicant's petition which indicates that the possibly dangerous condition of which he complains will be continued for any length of time, and certainly if those conditions are, in fact, true, they can be corrected by application to the authorities of Patuxent Institution. There is nothing to indicate that the asserted danger of future attack by the applicant's cruel fellow inmate is any part of his punishment, nor is there anything to indicate that this condition, if it exists, cannot be corrected in the future.

*Application denied.*