## QUEEN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 18, September Term, 1961.]

*Decided October 19, 1961.*

Before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

This is an application for leave to appeal from a redetermination of the applicant's status as a defective delinquent, by a court and jury. He was represented by court appointed counsel. The applicant first contends that he was placed in double jeopardy because the "recommitment was based on evidence of his past record, which was used on the original commitment." There is no merit in the contention. See *Eggleston v. State,* 209 Md. 504, 513. Antecedent behavior is a relevant inquiry, and violates no Constitutional rights. The next contention is that Dr. Boslow, the Director of Patuxent and a qualified psychiatrist, should not have been allowed to testify because he had not personally examined the applicant. The statement, if true, would not require a reversal, because Dr. Boslow would be competent to express an expert opinion based on a review of the records of the institution and staff report. Cf. *Purks v. State,* 226 Md. 43. The same thing is true of the objection to the testimony of Mr. Kandel, the chief psychologist, although he concedes that Mr. Kandel gave him an "ink blot" test. Objections to alleged hearsay testimony are too general to be considered. His complaint that he received no "treatment" at Patuxent until two months before the hearing is immaterial to the issue, even if true. His final complaint that he was examined at Patuxent by a doctor who was not a United States Citizen is also immaterial.

We note that there is no transcript of the testimony in the record, although it contains the staff report signed by Dr. Boslow, Mr. Kandel and Dr. Vasquez. However, Maryland Rule 894 (3) provides that "The record shall not include the stenographic transcript unless ordered by the Court pursuant to section b of this Rule." Since we find no merit in the contentions made, even assuming that seasonable objections were made below and the applicant correctly states the facts, we find no occasion to require the record to be amplified, as authorized by Rule 894 b.

*Application denied.*