## MOULSDALE v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 23, September Term, 1961.]

676

*Decided October 24, 1961.*

Before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of the Criminal Court of Baltimore, dated May 6, 1961, (after verdict of a jury finding that the applicant was a defective delinquent) committing him to the Patuxent Institution under the provisions of Code (1957), Article 31B.

The petition for leave to appeal contains the following allegations:

1. Deprivation of constitutional rights "when the Court allowed prejudice by one of the Jurors," purportedly influenced by attendance at another trial of the applicant.

2. Since Juror No. 8, Florence S. Fulton, was pointed out by the applicant, a mistrial should have been declared.

3. Applicant contends that he is able to prove that Florence S. Fulton was in court as a spectator, while he was being tried for murder.

4. Acceptance by the Patuxent Institution of a recommendation for applicant's commitment by a psychiatrist, who had not the required three years' medical practice as required by the Maryland statute (presumably Section 3 (a) and 7 (a)

of said Article 31B) deprived the applicant of his constitutional rights.

The applicant makes his first three very vague contentions that the trial court prejudiced his constitutional rights by swearing Florence S. Fulton to sit as a juror; because she had attended, as a spectator, a prior criminal trial of his. The record categorically contradicts the applicant's allegations. The questions propounded to her before she was determined to be qualified were direct and to the point. She flatly denied being in court at his previous trial for murder. Counsel for applicant was apparently satisfied with the court's inquiry into her competency as a juror. In any event, the tenuous position of the applicant cannot be maintained, because he made no objection to the juror sitting or a motion for a mistrial, following the close of the court's inquiry as to the competency of the juror. Maryland Rule 885.

It is not necessary that we express any opinion, at this time, as to whether or not the mere presence of a person at a former criminal trial of a defendant would disqualify that person from serving as a juror in a subsequent trial of the same defendant, and we do not do so. Compare, *Safeway Trails, Inc. v. Smith,* 222 Md. 206, 159 A. 2d 823 (a civil case).

If we assume, without the necessity of deciding, that the applicant's last contention, if true, would be meritorious, there is absolutely nothing in the record to substantiate his bald allegations of purported facts. In addition, he was afforded, in accordance with law, the right to select, at State expense, a psychiatrist of his own choice, who reported, among other things, that the applicant showed "a persistent anti-social behavior with an inclination towards criminal activity because of his intellectual deficiency and emotional imbalance and thoroughly demonstrate[d] himself to be an actual danger to society." This contention of the petitioner has not the slightest semblance of merit.

*Application denied.*