## SCHULTZ *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 38, September Term, 1961.]

*Decided February 21, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This application for leave to appeal is from an order recommitting the applicant to Patuxent Institution after a jury had found him to be a defective delinquent on July 20, 1961.

In 1955 the applicant was found guilty of perverted practice, given a two-year suspended sentence, and placed on probation for three years. The following year he was convicted of housebreaking and given a two-year sentence. He was admitted to Patuxent on March 3, 1956. On January 27, 1957, he was found to be a defective delinquent by the Criminal Court of Baltimore. The present application arises out of a request for redetermination.

The first point raised by counsel appointed for the applicant is that the lower court erred in permitting Dr. Boslow and Dr. Manne to express their several opinions that the defendant was a defective delinquent. It is argued that to permit these witnesses to testify as to the ultimate issue in the case usurped the function of the jury. But under the statute, Code (1961 Supp.), Art. 31B, sec. 7, at least three persons, on behalf of the institution, were required to examine the applicant, and to "determine whether in their opinion, or in the opinion of a majority of them, the said person is or is not a defective delinquent." They were further required to state their findings in a written report addressed to the court. As we pointed out in *Fairbanks v. Director,* 226 Md. 661, 663, the report itself is admissible in evidence, even though it may contain the reports and findings of others. See also *Ambrose v. Director,* 224 Md. 656, 658, *Queen v. Director,* 226 Md. 664, 665, and *Purks v. State,* 226 Md. 43, 47. That the persons making the report may testify in person is implicit in the statute, and the same procedure is indicated in proceedings for redetermination under section 10.

The applicant asserts that the court erred in refusing three requested instructions to the effect that (1) the jury should only consider the fact of his conviction for perverted practices "in the light of its bearing on the issue of whether or not the defendant is a defective delinquent." We find no error. The jury was entitled to consider the nature of his previous offense in order to determine whether he had demonstrated persisted, aggravated, anti-social or criminal behavior, so as to demonstrate an actual danger to society. In that connection they were entitled to consider the nature of the crime, and not merely the fact of conviction. There is nothing in the record to show that the repugnant nature of the crime was stressed in the testimony or in the record.

A second requested instruction was (2) that the jury disregard the fact that the defendant had formerly been adjudicated a defective delinquent. Again we find no error. The case could not be tried in a vacuum. The fact of the prior adjudication was relevant and a part of the past history upon which the experts, and ultimately the jury, were called upon to pass.

The third requested instruction was (3) that the jury should not be "solely influenced by the opinions of the experts." In substance the instruction was given. The court charged the jury: "It is your sole function to determine whether * * * Schultz falls within that definition under the facts of this case as you find them, or does not fall within it." The court's charge as a whole fairly and fully stated the issue, and we find no reversible error.

*Application denied.*