## McDONOUGH *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 53, September Term, 1961.]

*Decided July 25, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, HORNEY, MARBURY and SYBERT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

In proceedings under the Defective Delinquent Law, Code (1961 Cum. Supp.), Article 31B, the applicant, William L. McDonough, was found by a jury to be a defective delinquent and was ordered to be committed to the Patuxent Institution for an indeterminate period, without maximum or minimum limits. He seeks leave to appeal.[1]

It is somewhat difficult even to summarize the lengthy and largely repetitious documents filed by the applicant. His contentions seem to fall into four groups, which may be summarized as follows: *first,* that the Defective Delinquent Law is

---

1. What amounted to his first application was dated January 25. Additional communications sent to the clerk of the trial court and forwarded to the clerk of this court were: one received February 16; another received March 20; and others dated, respectively, March 29 and April 3. Others sent to the clerk of this court were dated, respectively, March 26, April 8, April 21, and June 11. All of of these dates are in 1962. These documents, mostly handwritten (and seemingly in several different hands), cover a total of more than 75 pages.

unconstitutional; *second,* (even if it were not) that the applicant's constitutional rights were infringed; *third,* that his commitment to the Patuxent Institution was not warranted under the Defective Delinquent Law; and *fourth,* that there were defects and irregularities in the trial at which he was found to be a defective delinquent.

Without a transcript of the proceedings at the trial it could not well be determined whether some of the questions sought to be raised had been raised below and, if so, whether they had sufficient apparent merit to warrant an appeal. Therefore, pursuant to Maryland Rule 894 b, we ordered the transcript to be submitted; and it has, of course, been considered. An examination of the record, including the transcript, shows that very few of the points now sought to be raised were raised in the trial court, and hence they would not be properly before this court if an appeal were allowed. Md. Rule 885. Proceedings under the Defective Delinquent Law are civil in character. *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698; *McElroy v. Director of Patuxent Institution,* 211 Md. 385, 127 A. 2d 380; *Blizzard v. State,* 218 Md. 384, 147 A. 2d 227. See also the Report to the Legislative Council, dated January 25, 1961, of the Commission to Study and Re-Evaluate Patuxent Institution, upon which Ch. 629 of the Acts of 1961 revising the Defective Delinquent Law (Art. 31B) was based. This Report, at pp. 18-20, makes it clear that the Commission recognized the civil nature of the proceedings and declined to recommend any change in that aspect of the law.

The applicant's first group of contentions—that the Defective Delinquent Law is unconstitutional—attacks the Law as (a) involving double jeopardy; (b) as creating an unwarranted discrimination against a person or group of persons in contravention of the Fourteenth Amendment to the Federal Constitution; (c) as an *ex post facto* law; (d) as imposing cruel and unusual punishment; (e) as a bill of attainder; and (f) as having a title defective under Art. III, Sec. 29 of the Maryland Constitution. None of them was presented in the trial court, and hence none of them would be available on appeal. Md. Rule 885. Probably the reason why they were not

presented below is that the experienced and competent counsel who represented the applicant at the trial knew that they would not be sustainable in that court or this. The constitutionality of the Law has been upheld by this court. *Eggleston v. State, supra; Simmons v. Director of Patuxent Institution,* 227 Md. 661, 177 A. 2d 409. The *Eggleston* case passed specifically upon the above grounds (a) to (d) inclusive, and rejected attacks based thereon. *Simmons,* which was decided a few days after the applicant's case was tried in the Circuit Court, cited and reaffirmed *Eggleston* on all of these points. Thus, even if these contentions of the applicant were properly before us, they would be unavailing. We see no reason to do as the applicant would have us do, that is, overrule the *Eggleston* case. We adhere to it and to the *Simmons* case. The applicant's further contention (e) that the Law constitutes a bill of attainder, even if it were properly before us, would be equally unavailing, and we perceive no basis upon which it would constitute a bill of attainder or what is included in it in the constitutional sense in which that term is used, a bill of pains and penalties.   As to such bills, see *Cummings v. Missouri,* 4 Wall. (71 U. S.) 277, 323-24, and *Drehman v. Stifle,* 8 Wall. (75 U. S.) 595, 601. If this contention is simply another way of asserting that the Law is *ex post facto* or imposes cruel and unusual punishment, it is covered by *Eggleston* and *Simmons.*

The claim that the title of the Defective Delinquent Law is invalid was not asserted below and is not properly before us. If it were, it would be patently untenable. See Acts of 1951, Ch. 476 (the original Act) and Acts of 1961, Ch. 629 (the general revision and re-enactment of Art. 31B).

The applicant's second group of contentions (with one possible exception) also would not be properly before us on appeal because not raised at the trial. This group includes claims that the applicant was denied his constitutional rights: (a) by his examination at Patuxent in that (i) he was forced to incriminate himself and (ii) he was denied freedom of speech; (b) by his being denied a speedy trial; (c) by not being confronted by the witnesses against him; and (d) by a denial of

the equal protection of the laws, because, as he now asserts, others worse than he have been released from Patuxent. Even if properly before us, we do not regard any of these objections as tenable.

With regard to his examination at Patuxent, the applicant refused on at least two occasions to take a psychological examination, assigning as a ground for refusal his rights under the Fifth Amendment. The examination was not given, and no factual basis for his claim of being forced to incriminate himself is apparent. His claim that he was denied freedom of speech is equally unfounded. In essence it comes down to this: such things as he did say, including his refusals to be examined, were construed by members of the Patuxent staff as indicating that he was a hostile person and were so reported. Whether he wanted to be examined and to speak freely and fully was, of course, a matter of his own choice; he was invited to speak, but he refused to do so. That hardly seems a denial of free speech.

The complaint that the applicant was denied a speedy trial was not made below and in any event is not well founded. The Defective Delinquent Law, we repeat, is not a penal statute and a trial under it is not a criminal prosecution. The times here involved would not support the claim, even if the point had been raised and if the constitutional provision were applicable. The proceedings were initiated and the trial held in due time under the statute. Compare *Roberts v. Director of Patuxent Institution*, 226 Md. 643, 172 A. 2d 880. Nor do we regard his claim of denial of the equal protection of the laws as sustainable.

Since this is not a criminal case, the claim of lack of confrontation of a witness is not applicable. It is controlled by a different rule considered below. Objection was made to the admission of the report of a psychiatrist who had examined the applicant, but who was no longer at Patuxent and was not present at the trial. The applicant's contention that others worse than he had been released from Patuxent is not supported by anything in the record of the proceedings, nor was any such contention made at the trial. It would, therefore, not

be reviewable on appeal. If reviewable, it would seem to have no merit. Cf. *Apple v. State,* 190 Md. 661, at 668, 59 A. 2d 509; *Howard v. Fleming,* 191 U. S. 126, 135-36. Also cf. *Ellinger v. Warden,* 224 Md. 648, 653, 167 A. 2d 334 (a Post Conviction case).

The applicant's third main contention—that the offense for which he was convicted did not warrant his being committed to Patuxent—does not clearly appear to have been raised at the trial, but it is, in any event, clearly untenable. He was convicted in a Circuit Court of a crime of violence, and following his conviction for such an offense he was sent to Patuxent for examination. This was done after he had been examined by the Court Psychiatrist for Baltimore County and on his recommendation. The particular offense for which the applicant was convicted was assault and battery committed upon the mother of a friend of his. A conviction for a crime of violence is one of the grounds upon which a person may be referred to Patuxent under Sec. 6(a) of Art. 31B, *supra,* and he may be so referred by the court of its own motion under Sec. 6(b). The applicant had a record of a number of convictions for assault, chiefly attacks on police officers. It is wholly immaterial that any or all of his prior convictions were in magistrates' courts; all of them could properly be considered in determining whether or not he was likely to be a danger to society in reaching a conclusion as to whether or not he was a defective delinquent within the meaning of Sec. 5 of Art. 31B, *supra.*

Of the applicant's numerous claims of irregularities or defects in the proceedings against him, little need be said of most of them.

One objection is that he went to trial in his clothing as an inmate of Patuxent, although his family had provided ordinary civilian clothes for him to wear at the trial. Through some mistake at the Institution they had not been delivered to him. This matter was taken up at the start of the trial and the applicant himself, though offered the opportunity to present any motion that he might wish if he felt that he would be prejudiced by going ahead in the clothes he was then wearing, of his

own volition elected to go ahead with the trial. He cannot complain now. Moreover, the court explained the situation fully to the jury and instructed them explicitly that they should not be influenced, persuaded or prejudiced in any way in reaching their verdict by the way in which the applicant was garbed.

The applicant now claims that the prospective jurors were not properly questioned on their voir dire. No objection was made at the trial, and it cannot now be raised. He also asserts that a jury of laymen is not qualified to try a defective delinquency case. Again no such objection was made at the trial, and it would not be properly before us on appeal. Of course, the applicant could have waived a jury trial, had he wished to do so, as was done in *Eggleston*. We should find no merit in this contention, if it were properly before us. A jury of psychiatrists is not required, for example, to try a case where insanity is an issue.

The applicant claims that a copy of the order for examination at Patuxent was not served on him. The record before us does not show whether it was or was not, but it is clear that no such point was made below and it was therefore waived. *Brown v. Director,* 224 Md. 635, 165 A. 2d 895, cert. den. 365 U. S. 859.

In one of his latest communications the applicant complains of a psychiatrist apparently of his own choosing appointed for him at State expense. His report does not appear in the record, nor does any objection relating to the psychiatrist or his report. No basis for our consideration of this report is shown or suggested, and we know of none.

The applicant also claims that the trial court should not have proceeded with his defective delinquency case because he had pending a Post Conviction case attacking the conviction on which he was sent to Patuxent. No objection appears to have been raised below on that score, and it is not before us. If that proceeding should result in his favor, its effect can then be considered in an appropriate proceeding.

Complaints about alleged illegal arrest and alleged illegal search and seizure were not made in the trial court and are not properly before us and could not be before us on appeal in this case, nor is any foundation for such complaints shown.

The applicant's complaint as to the sufficiency of the evidence is not properly before us, since there was no motion for a directed verdict. If it were properly raised, it would be entirely frivolous.

There is nothing in the transcript to support, or for that matter to disprove, the applicant's complaint that he was handcuffed at some stage of the trial. No objection was made and there would be nothing before us for review on appeal. The jury certainly knew that he was in the custody of the Patuxent Institution, as the colloquy about his costume shows.

The applicant now claims that the trial judge was prejudiced against him. In support of this claim he says that his brother told him that he (the brother) had heard the judge make a comment to other persons to the effect that if the jury did not find the applicant to be a defective delinquent, the court would take an appeal. There is nothing in the record or transcript to indicate or suggest that the judge made any such comment, there is no objection or motion raising any such contention, and, we may add, there was no exception to the court's instructions to the jury on the score of fairness or otherwise. We might dismiss the matter without saying more, but we have been advised by the trial judge that he made no such comment as that alleged by the applicant or his brother. We have added his certificate to this effect to the record. Cf. Maryland Rule 826 e. We think it unnecessary here to consider whether a comment such as that alleged, if made after the testimony had been completed and out of the presence of the jury, could serve as a basis for complaint.

The applicant makes the somewhat astounding assertion that one of the jurors choked him. Again the transcript shows no such episode and no objection or motion for a new trial. It is inconceivable that an attack by a juror on the applicant during the trial would have drawn no reaction from the court or from the applicant's counsel.

We have also been advised by the trial judge that no such incident occurred during the course of the trial. We are, however, informed that an incident did occur after the jury had returned its verdict and after the judge had left the bench

and as the jury was leaving the box and the applicant was being removed from the courtroom by guards from Patuxent in which the applicant denounced the jury and attacked one of its members. The certificate of the judge's clerk as to this occurrence, which he witnessed, has also been appended to the record.

The remaining question, and the only one preserved by objections, is to the admissibility of testimony relating to an examination and report made by a psychologist no longer with the Patuxent Institution. Mr. Manne, a psychologist, based his opinion in part upon the report of Mr. Hallam, the psychologist who had left Patuxent and did not testify. Objection was made to Mr. Manne's testimony insofar as it was based upon Mr. Hallam's report and to that report, which included both the results of standard tests of an objective nature as well as Mr. Hallam's evaluation of the applicant.

In addition to Mr. Manne, Dr. Smith, a psychiatrist on the staff of Patuxent, testified. He was one of those who signed the staff report which included Mr. Hallam's report. He was available for cross-examination and was cross-examined. The report was clearly admissible through Dr. Smith. *Purks v. State,* 226 Md. 43, 171 A. 2d 726; *Fairbanks v. Director,* 226 Md. 661, 173 A. 2d 913; *Queen v. Director,* 226 Md. 664, 174 A. 2d 351; *Schultz v. Director,* 227 Md. 666, 177 A. 2d 848. As to Mr. Manne's testimony, we think that it was admissible under the *Queen* case, just cited.

Petitioner makes a bare allegation that Dr. Smith is not licensed to practice in this State. This is not supported by the record nor was it raised below. Cf. *Moulsdale v. Director,* 226 Md. 675, 174 A. 2d 437.

We see no meritorious basis for an appeal and accordingly deny leave to appeal.

*Application denied.*