## KRS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 48, September Term, 1962.]

*Decided January 31, 1963.*

Before the full Court.

PRESCOTT, J., delivered the opinion of the Court.

Donald Krs seeks leave to appeal from a denial, by the Circuit Court for Baltimore County, of his request for relief.

After being convicted of robbery and sentenced to ten years' confinement, he was, on June 8, 1960, adjudicated a defective delinquent. Pursuant to Code (1957), Article 31B, Section 9 (b), his sentence was suspended, and he was committed to the Patuxent Institution for an indeterminate period.

On June 11, 1962, he petitioned the Circuit Court for Baltimore County for a redetermination of his defective delinquency. At the time he was determined to be a defective delinquent on June 8, 1960, Article 31B, Section 10 (a), provided that a defective delinquent could petition for a redetermination after he had been confined for two years. In 1961, the Legislature amended this Section so as to provide, *inter alia,* that before a defective delinquent was entitled to a redetermination, he must have been confined for at least two years after his commitment as a defective delinquent, *and* have been confined for a total period, including any period of confinement under his original sentence prior to commitment as a defective delinquent, equal to two-thirds of his original sentence. Code (1962 Cum. Supp.), Article 31B, Section 10 (a). On June 27, 1962, Judge Menchine denied his petition for a redetermination on the ground that Section 10 (a), as amended in 1961, was ap-

plicable, and a sufficient period of time thereunder had not elapsed to warrant a redetermination.

Krs did not appeal from this decision, but, after about two and one-half months had expired, he, on September 11, 1962, filed a petition for a writ of *habeas corpus*. In this petition, he claimed that Judge Menchine was in error in two respects: that Section 10 (a), as amended, did not apply to his case because it would "violate his constitutional guarantee to protection from Ex Post Facto laws;[1] and (2) that since his sentence was suspended at the time of his commitment, he "no longer has a sentence to figure two thirds of."

Judge Barrett heard the petition. He filed an able opinion, in which he stated that he was ruling upon a petition for a writ of *habeas corpus,* upheld Judge Menchine's rulings on both points raised by the petitioner, and denied the relief prayed. Thereafter, Krs wrote a letter to the trial court, which Judge Barrett construed as a request for an appeal. The Judge wrote a letter to the office of the Clerk stating that he had said in his memorandum opinion that he was ruling upon a *habeas corpus* petition, and he realized there was no right of appeal from a denial of such petition, but he thought the title to the petition was a misnomer "under the situation," and it was his opinion "that the allegations of the petition refer to the construction of Section 10 (a) Article 31B and that petitioner would have a right to file an application for leave to appeal in this matter." Judge Barrett, did not however, state what, in his opinion, was the true nature of the petition.

It is certain that if the petition were a request for a writ of *habeas corpus,* its denial afforded no right of appeal to this Court. Code (1962 Cum. Supp.), Article 27, Section 645A (b). And, if it is not a *habeas corpus* petition, it seems apparent that it must be considered as a petition for relief under the provisions of the Code (1962 Cum. Supp.), Article 27, Sections 645A-645J (Post Conviction Procedure). If this petitioner be permitted the right to appeal here, it amounts, purely

---

1. Compare McCloskey v. Director, 230 Md. 635, 187 A. 2d 833, where we, again, pointed out that proceedings under Article 31B are not criminal in nature.

and simply, to a delayed appeal from Judge Menchine's ruling on June 27, 1962. Where a person makes no showing or suggestion that he was denied a right to appeal, or that he made any effort to appeal within the time allowed therefor (30 days in this instance, Code (1962 Cum. Supp.), Article 31B, Section 11; Md. Rule 894 a 1), and no appeal was actually taken, he cannot thereafter obtain a delayed appeal through the vehicle of a post conviction proceeding. *Fisher v. Warden,* 225 Md. 642, 171 A. 2d 731; *Banks v. Warden,* 220 Md. 652, 151 A. 2d 897. Compare *Brown v. Warden,* 221 Md. 582, 155 A. 2d 648; *McClung v. Warden,* 221 Md. 596, 155 A. 2d 893; *Truesdale v. Warden,* 221 Md. 617, 621, 157 A. 2d 281; *Barbee v. Warden,* 220 Md. 647, 151 A. 2d 167.

*Application denied.*