## CRISP *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 36, December Term, 1963.]

---

*Decided December 6, 1963.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, MARBURY and SYBERT, JJ.

PER CURIAM.

This is the second time that this application for leave to appeal from a redetermination that the applicant is a defective delinquent has been before this Court. See *Crisp v. Director,* 231 Md. 616, 189 A. 2d 117. Following the remand, a determination of the applicant's indigency was duly made and counsel who had represented him at the hearing was appointed to represent him on this application for leave to appeal and the transcript of the testimony at the hearing was ordered to be prepared and filed, and the cost thereof and other costs were ordered to be paid by Baltimore County.

The application filed by the applicant's counsel assigns as a ground for allowing an appeal that the verdict was inconsistent with the weight of the evidence. Attached to the application as an exhibit is a copy of a letter from the applicant to his counsel which apparently sets up two other contentions: (a) that none of the applicant's record offered in evidence at the original determination of his defective delinquency could be used again at his redetermination hearing; and (b) that both of the doctors who testified at his second hearing untruthfully stated that he had been taken before the staff of ten or twelve people.

The State's witnesses in this case were Dr. Sigmund Manne, a psychologist on the staff of the Patuxent Institution, and Dr.

Harold M. Boslow, the Director, who is a psychiatrist. Each of them testified quite fully. The only other witness was the applicant himself. Though the applicant appears to have made some progress or improvement, we think that the evidence was ample to sustain the finding of the jury that the applicant was still a defective delinquent.

We find the applicant's contention that his history prior to his first hearing could not be taken into consideration on his second hearing is not well founded. His past behavior is obviously material in reaching a conclusion as to whether or not he continues to be a defective delinquent within the meaning of the applicable statute (Code, Art. 31 B, § 5 (as amended by Acts of 1961, Ch. 629—see 1963 Cum. Supp.)). See *Queen v. Director*, 226 Md. 664, 174 A. 2d 351.

His further contention that both doctors untruthfully stated that he had appeared before ten or twelve staff members hardly merits attention. Only one of the doctors, Dr. Manne, actually testified with regard to the number of staff members. He was asked, "How many are on that staff?" He replied: "Well, there are four full-time psychiatrists, I believe, six full-time psychologists." The applicant's counsel then said: "That's ten that you mentioned already." Dr. Manne answered that comment by saying "Social workers." This, we take it, means that in addition to the ten, there were some social workers—how many does not appear. This testimony is wholly uncontradicted by any other testimony in the record, including that of the applicant himself. We find no basis upon which to question it. We see no need to consider its materiality or to discuss it further.

*Application denied.*