SANSBURY *v.* DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 35, September Term, 1963.]

*Decided December 6, 1963.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT, MARBURY and SYBERT, JJ.

PER CURIAM.

After a hearing before a jury in the Circuit Court for Prince
George's County the applicant was found to be a defective de-
linquent, and was committed by the Court to the Patuxent In-
stitution. He was represented at the trial and on this applica-
tion for leave to appeal by court appointed counsel. A transcript
of the testimony at the hearing has been furnished (at public
expense) and has been filed with the application as part of the
record herein.

The State's case was presented through Dr. Richard H.
Kastner, a psychiatrist and the Director of Research at the
Patuxent Institution, as its only witness. He testified exten-
sively as to the applicant's previous difficulties and stated his
opinion, based upon the applicant's past history and his own
observations of the applicant, that the applicant was a defective
delinquent within the definition set forth in the Defective De-

linquent Law. He testified, among other things, from official records of information given him by the applicant.

The memorandum in support of the application for leave to appeal herein states as reasons for allowing the appeal eight alleged inaccuracies in Dr. Kastner's testimony. Each of the statements said to be untrue is contained in that portion of Dr. Kastner's testimony based upon information which he said was furnished by the applicant. There is no evidence in the transcript contradicting any of these statements, though the applicant testified at the hearing as a witness in his own behalf. None of the alleged errors was even challenged by cross-examination; and none of them, if in fact erroneous, would appear to be either substantial or prejudicial to the applicant.

Dr. Kastner introduced into evidence the report of the Patuxent Institution signed by himself, Dr. Boslow (the Director), and two other members of the staff. The report is quite full and substantiates the recommendation that the applicant be committed as a defective delinquent.[1]

We see no reason for granting leave to appeal.

*Application denied.*

---

**1.** The report of an independent psychiatrist who examined the applicant is also in the record, but it was not offered in evidence and this psychiatrist was not called as a witness. In it, this psychiatrist expressed, *inter alia,* his "general agreement with Dr. Boslow's recommendations and with his diagnostic formulation."