## SEWELL *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 133, September Term, 1963.]

632

*Decided April 17, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

In his application for leave to appeal from a redetermination of defective delinquency and recommitment to Patuxent Institution made by Judge Byrnes, sitting without a jury in the Superior Court of Baltimore City, Lawrence J. Sewell, who was convicted of robbery in 1957 and determined to be a defective delinquent and committed to Patuxent in 1961, makes a broadside attack (framed in eleven allegations) on the constitutionality of the defective delinquent statute and the manner in which it is administered. We have previously considered and rejected ten of his contentions as not being adequate grounds for relief. The other seems to be in two parts, the first of which claims that Sewell could not have been given a fair hearing because "Judge Byrnes helped, aided, assisted, or abetted in the passing of Art. 31B," and thus knows of the "farce [sic] nature of Patuxent." This is devoid of merit as it presupposes the defective delinquent statute to be not what it purports to be and what the Legislature and this Court have said that it is, namely, an Act "to protect society from the dangers of persons whose actions evidence a propensity toward criminal activity, with the statutory emphasis being on confinement and treatment * * *." *Height v. State,* 225 Md. 251, 258. The second portion alleges that falsified information was included in the reports of the Patuxent authorities introduced against the applicant at his hearing. This general and unsupported claim is

no more than a conclusion on Sewell's part and, as explained in *Faulkner v. Director,* 230 Md. 632, 634, does not comply with Rule 894 a 2.

The court below appointed counsel to represent Sewell on his application for leave to appeal, and he filed in this Court a memorandum in support of the application, raising two additional points: (1) the evidence was insufficient to show that the applicant was a defective delinquent; and (2) Dr. Boslow, in testifying for the State at the hearing, based his opinion upon the reports, findings and conclusions of other experts.

The psychiatrist who examined Sewell at his own request recommended that "he be continued at the Institute as a defective delinquent," and so supported the opinions of the State's witnesses. There was legally sufficient evidence to support Judge Byrnes' determination. Even if Dr. Boslow's testimony was as it is alleged to have been, it was admissible. *McDonough v. Director,* 229 Md. 626, 634; *Queen v. Director,* 226 Md. 664, 665.

*Application denied.*