## MIDDLETON v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 155, September Term, 1963.]

624

*Decided June 10, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

SYBERT, J., delivered the opinion of the Court.

The Circuit Court for Anne Arundel County committed the applicant to the Patuxent Institution after a jury found him to be a defective delinquent. The State's case was presented through Dr. Boslow, who is a psychiatrist and is the director of Patuxent. While there is no transcript of the testimony in the record before us, it does contain the report of the Patuxent staff, which relates the applicant's criminal and other history and concludes that he is a defective delinquent. The record indicates that Dr. Boslow informed the jury of the contents of

the staff report and testified in support of the determination of defective delinquency. The staff report shows that the applicant's difficulties with the law began when he was twelve years of age and continued until his latest arrest at age nineteen. They included incorrigibility, two separate charges of breaking and entering, larceny, auto theft, vagrancy, carrying a concealed weapon and violation of probation.

In this application for leave to appeal from the order committing him to Patuxent, the applicant makes two contentions. The first is that Dr. Boslow erroneously stated to the jury that the applicant had been convicted of receiving stolen goods, when in fact he had not been convicted of that crime. Secondly, the applicant alleges that Dr. Boslow referred in his testimony to two convictions of the applicant in the State of Florida and that these should not have been used against him in the State of Maryland to aid in securing a determination that he was a defective delinquent.

We see no need to order a transcript of the proceedings in the lower court, as authorized by Maryland Rule 894 b, because, even assuming that timely objections were made below and that the applicant's contentions are factually correct, we find them to be without merit. The first contention is based on the fact that the staff report stated, and Dr. Boslow testified, that the applicant's latest conviction (which resulted in his referral to Patuxent for evaluation) was for larceny, *receiving stolen goods* and assault, whereas, the applicant says, it was for larceny, *robbery* and assault. The misstatement (if such it was) would not seem to give the applicant any ground for just complaint. The crime of receiving stolen goods is ordinarily regarded as less heinous than robbery, and both are within the classes of crimes enumerated in the Defective Delinquent Law. In view of the applicant's extensive history of antisocial and criminal activities we do not think the alleged error could materially have affected the jury's determination that the applicant was a defective delinquent, and hence we hold that it was neither substantial nor prejudicial to the applicant. Cf. *Sansbury v. Director*, 233 Md. 587, 195 A. 2d 604 (1963).

The applicant's second contention is equally unavailing. The original referral to Patuxent Institution was justified by the

626

convictions in the Circuit Court for Anne Arundel County. Thereafter any prior convictions, including those in other States, were material to the determination of defective delinquency and thus were properly submitted to the jury for their consideration. Cf. *Crisp v. Director*, 233 Md. 588, 195 A. 2d 613 (1963); *Queen v. Director*, 226 Md. 664, 174 A. 2d 351 (1961).

*Application denied.*