## JENKINS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 4, September Term, 1964 (Adv.).]

*Decided July 29, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBUBY and SYBERT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant, James Robert Jenkins, was determined to be a defective delinquent after a hearing in the Circuit Court for Prince George's County before Judge Bowie and a jury. As a result of the jury's finding he was committed to Patuxent Institution, and he now seeks leave to appeal.

Jenkins had been convicted of assault with intent to kill a police officer and was sent to Patuxent for examination on the basis of that conviction and his past record, and in accordance with suggestions of the Superintendent of the Clifton T. Perkins State Hospital and of the Director of Forensic Psychiatry of the Department of Mental Hygiene. (These suggestions were made in connection with the examination of Jenkins at Perkins in 1962 resulting from his plea of insanity and were, of course, contingent upon his being convicted of the offense charged.) He had previously had a psychiatric examination at Spring Grove in 1959 in connection with an earlier case, when he was also found mentally responsible. Other hospitalizations are noted at two Veterans' Hospitals—one at Perry Point in 1955 and others at Martinsburg, West Virginia in 1947 and 1956, but their records were not available.

Jenkins' past record included several other convictions for assault on police officers, and several other convictions for disorderly conduct, intoxication, or both. The events leading to his last conviction occurred about two months after his release from prison at the expiration of his last previous sentence for assaulting an officer, when the officer assaulted had come to the home of Jenkins' family as a result of a call for police help.

The reports of Patuxent and of the independent psychiatrist appointed at Jenkins' request agreed that Jenkins was a defec-

tive delinquent, and the jury so found after what is described by his counsel as a full hearing. This application is based solely upon certain questions with regard to prior offenses asked him on cross-examination by the State's Attorney. He was asked (a) whether he had chased a woman around a basement with a knife attempting to inflict injury on her and (b) whether on other occasions he had attempted to inflict harm on his parents.

The record before us (including the applicant's statement of his grounds for seeking an appeal) indicates that the State's Attorney had some basis in the reports in the case for asking the questions. That these matters as to his past allegedly violent behavior were relevant to the question of his defective delinquency seems clear. *Queen v. Director,* 226 Md. 664, 174 A. 2d 351; *Schultz v. Director,* 227 Md. 666, 177 A. 2d 848; *Simmons v. Director,* 231 Md. 618, 623, 189 A. 2d 644; *Crisp v. Director,* 233 Md. 588, 590, 195 A. 2d 613; *Creswell v. Director,* 234 Md. 620, 198 A. 2d 300.

There is some difference between the applicant and his counsel as to what happened when these questions were asked. The applicant says that objections thereto were sustained and the jury was instructed to disregard them. His counsel says the objections should have been sustained (meaning, we take it, that they were overruled) and that the applicant "denied these acts." Inquiry of the court reporter indicates that counsel's version is correct. Both the applicant and his counsel urge that the questions were improper and highly prejudicial.

We think the questions asked were within the realm of propriety. Even if we did not, we think that if the applicant's version of what occurred was correct, he shows no such prejudice as would be cause for reversal of the judgment and for granting a new trial, for the instructions of the judge (in the applicant's words) "to strike from their minds what they had heard" would have met the situation. See *Cook v. State,* 225 Md. 603, 609-10, 171 A. 2d 460, cert. den. 368 U. S. 970, where a clearly improper question was asked and the trial court gave a strong instruction to disregard it.

If we assume (as we believe) that counsel's version is correct, and if we again assume that the question was improper, the applicant's denial, we think, rendered any error harmless.

See the general rule stated in *Duffy v. State,* 151 Md. 456, 469, 135 A. 189; *People v. Malkin,* 250 N. Y. 185, 164 N. E. 900. There is no suggestion that the inquiries were pressed. See *Niemoth v. State,* 160 Md. 544, at 557, 154 A. 66.

The cases above cited are criminal cases. The tests as to prejudice there stated are certainly no less applicable in this civil proceeding.

*Application denied.*