## SANSBURY v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 78, September Term, 1964.]

*Decided February 15, 1965.*

Before Prescott, C. J., and Hammond, Marbury, Sybert and Barnes, JJ.

SYBERT, J., delivered the opinion of the Court.

This is an application by Robert Talmadge Sansbury for leave to appeal from the denial of post conviction relief by the Circuit Court for Prince George's County.

On March 14, 1962, Sansbury pleaded guilty to storehouse breaking in the same court and was sentenced to serve an indeterminate period, not to exceed two years, beginning as of December 19, 1961, in the Maryland Reformatory for Males. On July 19, 1962, the court ordered his transfer to the Patuxent Institution for evaluation. At a hearing held on May 15, 1963, a jury found him to be a defective delinquent as defined in Code (1964 Cum. Supp.), Art. 31B, sec. 5, and he was committed to Patuxent. An application for leave to appeal from that determination was denied by this Court in *Sansbury v. Director*, 233 Md. 587, 195 A. 2d 604 (1963). He was represented below and on the application for leave to appeal by court appointed counsel.

In December 1963 and January 1964 Sansbury, in proper person, filed a petition and a supplemental petition asking post conviction relief. Court appointed counsel filed a further supplemental petition on June 23, 1964. After a hearing on the three petitions, the circuit court denied the relief prayed.

In this application for leave to appeal from the order denying relief, Sansbury raises eight contentions. The first three, taken together, amount to a claim that he did not have counsel when he was convicted in two cases involving assault and unauthorized use of an automobile (which cases apparently were tried at about the same time he pleaded guilty to the indictment for storehouse breaking); that the lack of counsel invalidated the two convictions mentioned; and that therefore his commitment to Patuxent was invalid, upon the theory that the defective delinquency proceeding was based, in part, upon the two convictions. However, the record before us is silent as to the assault and unauthorized use cases. Rather, the record originates with the docket entries in the storehouse breaking case. Those docket entries, after reflecting the proceedings and sentence in that case, next show the proceedings in the defective delinquency case, and finally note the instant post conviction proceedings.

The applicant's position is without merit. Counsel was appointed for him in the storehouse breaking case, and he pleaded guilty to the charge in the presence of his attorney. In fact, the applicant does not challenge the validity of that conviction. Storehouse breaking, a misdemeanor punishable by possible imprisonment in the penitentiary, is one of the offenses which subject the defendant, upon conviction, to defective delinquency proceedings under Code (1964 Cum. Supp.), Art. 31B, sec. 6(a). Therefore, regardless of the validity of the applicant's convictions of assault and unauthorized use, the civil court had jurisdiction to determine that the applicant was a defective delinquent under Art. 31B because of his valid conviction of storehouse breaking.

The fourth contention is that the judge who presided in the defective delinquency proceedings erred when, in the course of his instructions, he informed the jury that the defendant, if found to be a defective delinquent, could petition for review of his status from "time to time", whereas sec. 10(a) of the Act provides that petitions for redetermination may be filed only after the expiration of stated periods. This question is not properly before us, because post conviction proceedings may not be used as a vehicle of appeal from a determination of defective delinquency. *Krs v. Director,* 230 Md. 646, 187 A. 2d 871 (1963). The issue could have been raised (but was not) in the application for leave to appeal from the determination reported in *Sansbury v. Director, supra.*

In his last four contentions the applicant challenges generally the constitutionality of the Defective Delinquency Act as interpreted and applied, relying upon the recent case of *Sas v. State of Maryland,* 334 F. 2d 506 (4 Cir. 1964). He requests this Court, in effect, to re-examine the statute and the procedures thereunder to determine whether it is being constitutionally applied. The Fourth Circuit in the *Sas* case held that the statute was constitutional on its face but remanded the case to the District Court for a determination, according to certain guidelines, of the constitutionality of its application. Although we may find it necessary to carry out such a re-examination in regard to some future case, we do not believe the contentions in the present application warrant such a reappraisal, since the

applicant does not specifically mention in which ways the statute is being unconstitutionally applied to him, but rather attacks its application generally. Thus, with respect to the issue of constitutionality, we have no justiciable issue before us. Cf. *Freedman v. State,* 233 Md. 498, 197 A. 2d 232 (1964). We think our prior decisions upholding the constitutionality of the statute are controlling in this situation. *McDonald v. Director,* 236 Md. 642, 204 A. 2d 563 (1964) ; *Meredith v. Director,* 226 Md. 653, 172 A. 2d 501 (1961) ; *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698 (1956).

*Application denied.*