## McDONOUGH *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 84, September Term, 1964.]

*Decided February 16, 1965.*

Before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

PER CURIAM.

In January, 1960, petitioner was convicted under a warrant charging assault and battery before a trial magistrate of Baltimore County. An appeal was taken to the Circuit Court for Baltimore County where he was again found guilty of the charge

before a jury, Judge Turnbull presiding, on August 5, 1960, and sentenced to serve two years in the Maryland House of Correction. On January 17, 1962, before a jury, Judge Lindsay presiding, petitioner was found to be a defective delinquent and confined to Patuxent Institution. On May 29, 1962, Judge Raine conducted a hearing under the Uniform Post Conviction Procedure Act (the Act) wherein petitioner first sought to attack his original criminal conviction. Judge Raine denied relief, and we denied application for leave to appeal for the reasons set forth in Judge Raine's opinion. *McDonough v. Director,* 229 Md. 642, 184 A. 2d 622 (1962). Petitioner was represented by counsel throughout all these proceedings.

Petitioner also filed an application for leave to appeal from his January 17th determination as a defective delinquent which was considered by this Court and denied in *McDonough v. Director,* 229 Md. 626, 183 A. 2d 368 (1962).

Petitioner filed another application under the Act which was denied by Judge Raine on June 8, 1964, and from that denial petitioner seeks leave to appeal to this Court. In this petition, he attacks this Court's prior denial of his application for leave to appeal from his January 17, 1962 determination as a defective delinquent considered in *McDonough v. Director,* 229 Md. 626, on the ground that he did not have the assistance of court appointed counsel in prosecuting that application as provided by the Code (1964 Supp.) Article 31B Section 11A. Since it does not affirmatively appear from our previous consideration of petitioner's application for leave to appeal from his determination as a defective delinquent that he raised such a contention or that it was considered in *McDonough v. Director,* 229 Md. 626, we have examined the entire record in those proceedings in the Circuit Court for Baltimore County. That record shows that though petitioner affirmatively requested the assistance of counsel in the prosecution of his application for leave to appeal from the defective delinquency finding, no affidavit of indigency was ever filed as required by Maryland Rule 894 a 2 b. Under such circumstances, petitioner was not entitled to court appointed counsel under Article 31B Section 11A.

Petitioner's remaining contentions were disposed of in this Court's prior denial of his application under the Act in *Mc-*

*Donough v. Director,* 229 Md. 642, and in this Court's prior denial of his application under the Defective Delinquency Law in *McDonough v. Director,* 229 Md. 626.

*Application denied.*