## McNEAL *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 125, September Term, 1964.]

408

*Decided July 1, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, SYBERT and BARNES, JJ.

SYBERT, J., delivered the opinion of the Court.

The applicant, David Emanuel McNeal, pleaded guilty to a charge of storehouse breaking in 1963 and was sentenced to serve not more than two years in the Maryland Institution for

Men. Thereafter, upon the request of the Department of Correction he was transferred to Patuxent Institution for evaluation as a defective delinquent. At a non-jury trial held in October 1964 before Chief Judge Manley in the Criminal Court of Baltimore he was found to be a defective delinquent and was committed to Patuxent.

In this application for leave to appeal from the commitment order, the applicant's counsel raises six contentions. He maintains, first, that the evidence was legally insufficient to support the finding of defective delinquency. This contention is without merit since the Patuxent staff report introduced in evidence through Dr. Boslow, Director of the Institution, was clearly sufficient, if believed by the court, to support the court's determination. Moreover, the report of an independent psychiatrist who examined the applicant at his request, which was filed in the proceedings, also concluded that McNeal was a defective delinquent.

Counsel's second contention is that the only witness who testified for the State was Dr. Boslow and that he merely read from reports prepared by his staff without giving McNeal an opportunity to cross-examine the persons who actually made the reports. This Court has held repeatedly that it is proper for Dr. Boslow to testify from his staff's report (*Silvestri v. Director,* 234 Md. 641, 199 A. 2d 784 (1964), and cases cited), and, as we said above, the report was legally sufficient to support the court's determination. In regard to the applicant's right to cross-examine the staff members, McNeal does not allege that he attempted to summon these persons into court and since he did not avail himself of his right to do so he cannot be heard to complain now. *Brunson v. Director,* 239 Md. 128, 210 A. 2d 372 (1965).

Next, counsel contends that Dr. Boslow did not specifically testify why he considered McNeal to be a defective delinquent, but spoke in generalities. If true, this was a question going to the weight of the evidence, which was for the trier of facts to determine in the first instance. As noted, the staff report itself provided ample basis to support the verdict.

Fourthly, counsel complains that the applicant was originally sent to Patuxent for evaluation because of his alleged unsatis-

factory adjustment at the Maryland Institution for Men and not for the purpose of determining whether he was a defective delinquent. Hence, he says, McNeal was sent to Patuxent for punishment, not treatment. However, he was found, on sufficient evidence, to be a defective delinquent, and there is no claim that he is not receiving treatment. In any event, neither of these questions is properly before us since they are both bald allegations without any supporting facts. Maryland Rule 894 a 2(a).

Counsel further urges that the offenses for which McNeal was convicted were crimes against property and not against persons and that there is no pattern of conduct indicating that he is a danger to persons. Whether an individual has been convicted of crimes against property or against persons is not a controlling factor in regard to a determination that the individual is a defective delinquent. *Cowman v. State,* 220 Md. 207, 151 A. 2d 903 (1959).

The final contention of counsel is that McNeal is being subjected to cruel and unusual punishment by his confinement at Patuxent. A similar contention was made and rejected in *Meredith v. Director,* 226 Md. 653, 172 A. 2d 501 (1961).

In addition to the contentions made by his counsel, the applicant has raised several questions in proper person. We find that they either lack merit and their answers are controlled by prior decisions of this Court, such as *Sansbury v. Director,* 237 Md. 545, 206 A. 2d 807 (1965), and cases cited; *Bullock v. Director,* 231 Md. 629, 190 A. 2d 789 (1963); *Simmons v. Director,* 231 Md. 618, 189 A. 2d 644 (1963); *Simmons v. Director,* 227 Md. 661, 177 A. 2d 409 (1962); *Palmer v. State,* 215 Md. 142, 137 A. 2d 119 (1957); and *McDonough v. Director,* 229 Md. 626, 183 A. 2d 368 (1962); or that they lack the specificity required by Rule 894 a 2(a).

*Application denied.*