## WAMES *v.* DIRECTOR

[App. No. 4, September Term, 1965 (Adv.).]

*Decided August 6, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

PRESCOTT, C. J., delivered the opinion of the Court.

The applicant has been adjudged to be a defective delinquent on three separate occasions.

In his present application for leave to appeal, he makes the following contentions: (1) Insufficiency of the evidence; (2) finding of the trial court was against the weight of the evidence; (3) evidence indicated he was able to re-enter society *or* in the alternative be sent for treatment to a mental hospital; and

(4) "applicant submits that the Act [Code (1957), Article 31B], as applied is unconstitutional."

### (1) and (2)

The answer to (2) also answers (1). Dr. Boslow, the Director of Patuxent, who is an expert on defective delinquency, testified that applicant was a defective delinquent. Dr. Lerner, a psychiatrist employed by the State on behalf of applicant, said that he was of the opinion that applicant could not be released into society without endangering himself and others. On this testimony, we cannot say the court's conclusion that applicant was a defective delinquent was clearly erroneous (the case was tried without a jury), Maryland Rule 886 a. Compare *Dickerson v. Director,* 235 Md. 668; *Oppel v. Director,* 237 Md. 611. We hold that the evidence was sufficient and the trial court's finding was not clearly erroneous.

### (3)

It was not the function of the trial court to determine whether the applicant could receive better treatment elsewhere than in Patuxent; that is a function of the State officials to which it is assigned. The trial judge's duty was to determine whether or not applicant was a defective delinquent, which he did, and we passed upon his action, above. We hold this contention to be without merit.

### (4)

We held in *Sansbury v. Director,* 237 Md. 545, 206 A. 2d 807, that a general and bald allegation that Article 31B, as applied, was unconstitutional was insufficient to justify a reappraisal of the constitutionality thereof, in the absence of any statement as to the manner and ways in which the Act is being unconstitutionally applied to applicant. See also *Raven v. Warden,* 237 Md. 656.

*Application denied.*