McCLOSKEY *v.* DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 42, September Term, 1962.]

636

*Decided January 28, 1963.*

Before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

HENDERSON, J., delivered the opinion of the Court.

The applicant seeks leave to appeal from an order committing him to Patuxent Institution on September 20, 1962, pursuant to a jury's finding that he was a defective delinquent. The principal points raised relate to the delay in bringing him to trial, which he claims to have deprived him of a Constitutional right to a speedy trial and to demonstrate the incompetence of the counsel who had been appointed to represent him on March 11, 1959, and who represented him at the trial below.

The applicant was convicted of assault and battery in the Circuit Court for Cecil County on September 16, 1958, and sentenced to three years in the House of Correction. Because of his prior record, he was committed to Patuxent for examination, and a report to the court was made on February 18, 1959. On April 5, 1959, some fifteen days before the date set for the hearing, he escaped from Patuxent. He was apprehended in Pennsylvania, where he was charged with the Federal offense of transporting a stolen vehicle across state lines, convicted and committed to the Federal prison at Lewisburg, Pennsylvania, where he remained until the end of 1961. He was then returned to Patuxent. In March, 1962, he was tried in Howard County on escape charges and sentenced to two years at the House of Correction. A hearing on the issue of defective delinquency, still pending in Cecil County, was scheduled and had on September 20, 1962.

The applicant does not challenge the reasonableness of the delay in bringing him to trial in 1959, which was due, in part, to a petition for habeas corpus he filed in proper person with Judge McLaughlin prior to the date set for trial on April 20,

1959, and by his escape from Patuxent. The gravamen of his complaint is the refusal of the State to heed his request for a trial in 1960, while he was confined in the Federal penitentiary at Lewisburg. He was informed by the State's Attorney at that time that he would be tried upon his release. He asserts that he wrote a letter to the Attorney General of the United States, and received a reply from the Director of Federal Prisons stating that the applicant was "available for trial in a State Court." He charges that the State was obliged to make a request for his release for trial, and that if it had done so the Federal authorities would have complied. He also complains that in July, 1962, after his conviction on the escape charge (which he does not attack in this proceeding), he wrote to his counsel requesting a hearing on the defective delinquency issue, yet trial was not had until September. This delay was not unreasonable, since a jury was not available until September. Cf. *Reddick v. State,* 219 Md. 95, 99.

The right to a speedy trial in a criminal case, where the accused is incarcerated in Maryland upon a prior conviction, was assumed in *Harris v. State,* 194 Md. 288, although it was there held that the right was not seasonably demanded and hence waived. Where the accused is serving a sentence in a Federal Prison in another State, the authorities are divided. Some courts hold that even where the Federal authorities agree, as a matter of comity but not as a matter of right, to release or procure a prisoner for trial in a State Court, the State authorities are not required to seek such release or production. See *Ex parte Schechtel,* 82 P. 2d 762 (Colo.) and cases collected in 118 A.L.R. 1037. See also *Kirby v. Warden,* 214 Md. 600, 602; *Baker v. Marbury,* 216 Md. 572, 574, and *Kirby v. State,* 222 Md. 421, 424, *cert. den.,* 364 U. S. 850. We find it unnecessary to pass on the point in the case at bar.

The constitutional right to a speedy trial under Art. 21 of the Maryland Declaration of Rights, as under the Sixth Amendment to the Federal Constitution, is specifically limited to "criminal prosecutions". The provisions are not applicable in the case at bar. We have repeatedly held that a proceeding under Article 31B is not criminal in nature, and that the Maryland Statute is civil, not penal. *Simmons v. Director,* 227 Md. 661, 663 and cases cited. We have said that a defendant

is entitled to have the issue of defective delinquency tried within a reasonable time after the Patuxent Institution has had a reasonable time to make its findings. *Roberts v. Director,* 226 Md. 643, 650. That does not mean that the court loses its jurisdiction to try the case by the mere lapse of time. Cf. *Eggleston v. State,* 209 Md. 504. There is no contention here that the court lost its jurisdiction by reason of the expiration of the term of confinement for assault, which was suspended by the escape. Cf. *Calp v. Warden,* 216 Md. 629, 631.

The applicant contends, however, that the court lost its jurisdiction under Code (1957), Art. 31B, sec. 6 (e), which provides: "The court which last sentenced the defendant, whether or not the term of court in which he was sentenced has expired, shall retain jurisdiction of the defendant for the purpose of any of the procedures specified in §§ 6, 7, 8 or 9 hereof * * *." He argues that the "last sentence" was imposed for escape by the Howard County Court. We think, however, it is implicit in the subsection quoted that the last sentence means the latest sentence prior to the order for examination. It is obvious that the procedures for determination of the question of defective delinquency are predicated upon criminal convictions of specified types and subsequent convictions would have no bearing upon the matter. The Cecil County Court did not lose its jurisdiction by the fact of escape, and subsequent conviction for escape, while the case was pending. Cf. *Eggleston v. State, supra* and *Roberts v. Director, supra.*

Aside from the charges that his counsel was dilatory and indifferent, the chief charges against counsel are that he did not arrange for an independent psychiatrist to examine the applicant, and that he did not object to hearsay and inflammatory evidence as to the applicant's past history, introduced by or through Dr. Boslow, and to Dr. Boslow's opinion based in part thereon. There is nothing to show that the applicant exercised his right to demand an independent examination by a psychiatrist of his own choice. We must assume that, had he made the request to counsel or to the court, it would have been granted. The fact that counsel was court appointed is irrelevant. *Woodell v. State,* 223 Md. 89, 95. Objections to the testimony of Dr. Boslow on the grounds suggested would have been fruit-

less. We have held that the report required by § 7 of Art. 31B is admissible even though it contains the reports and findings of others. *Fairbanks v. Director,* 226 Md. 661. We have held that the Director may properly express an opinion based thereon. *Schultz v. Director,* 227 Md. 666, 667 and cases cited. We have also held that "there was no constitutional impediment to the power of the Legislature 'to change the common law rules of evidence as to what documents are admissible and the weight to be attributed to them'. *Jones v. State,* 205 Md. 528, 533 * * *." *Purks v. State,* 226 Md. 43, 47. See also *Johns v. State,* 55 Md. 350, 359. A careful reading of Dr. Boslow's report indicates that it was intended to be factual and not inflammatory.

The other contentions of the applicant may be dealt with summarily. His charge that Dr. Boslow's testimony, that he had been a behavior problem while at the Institution, was false, is not borne out by the record, and presents only an issue of credibility. See *Meredith v. Director,* 226 Md. 653, 656. The complaint that armed guards were present in the court room has no merit. It may have been a necessary precaution, in the light of his prior record. The fact that the Federal authorities did not seek to have him declared a defective delinquent under analogous Federal procedures would not prevent State action. The Federal authorities may well have decided to yield to the pending State procedure, of which they were undoubtedly aware through the placing of a detainer.

*Application denied.*