LAMBSON *v.* DIRECTOR OF THE PATUXENT INSTITUTION

[App. No. 90, September Term, 1962.]

*Decided June 7, 1963.*

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a determination that the applicant, Eugene L. Lambson, is a defective delinquent by a court which, almost four years earlier, had held that he was not one.

Lambson was convicted on October 27, 1957, by Judge Emory H. Niles, sitting without a jury in the Criminal Court of Baltimore, of assault with intent to rob and was sentenced to seven years in the Maryland State Reformatory for Males. On the same date Judge Niles ordered him sent to Patuxent Institution for a determination as to whether he was a defective delinquent. The staff of that institution made a finding that Lambson was a defective delinquent, but at a hearing on May 12, 1959, Judge Edwin Harlan determined that he was not, within the meaning of Code (1957), Art. 31B, Sec. 5, and ordered him returned to the Reformatory for Males.

In June 1961 Lambson escaped from the Reformatory. After a short period of freedom, he was apprehended, taken before the Circuit Court for Washington County, tried for escape, convicted and, on June 30, 1961, sentenced to six months, to be served at the expiration of his original seven-year sentence.

On April 5, 1962, James W. Curran, Superintendent of Prisons, acting in reliance upon Ch. 629 of the Laws of 1961, which amended Sec. 6 (b) of Art. 31B to include the Department of Correction among those who may make requests for examination for possible defective delinquency, wrote Judge Niles to ask that Lambson be transferred back to Patuxent for further study. Included with Mr. Curran's letter was a psychiatric report by Dr. Myron Eichler which indicated that it was his understanding that Lambson was to be re-evaluated "three years after he was turned down from Patuxent, and * * * this is the purpose for the present examination." As a result of this request, Judge Niles, on April 6, 1962, ordered Lambson transferred to Patuxent "for diagnosis and evaluation in regard to defective delinquency," which was done, with the result that the staff again found the applicant to be a defective delinquent.

A second hearing on the question of the applicant's defective delinquency was held on January 14, 1963, in the Criminal Court of Baltimore before Judge Joseph Byrnes. At the hearing Lambson raised the defense that the court was bound by the prior determination of Judge Harlan that he was not a defective delinquent. Judge Byrnes rejected this contention (stating that "the time lapse would correct the res judicata point"), found Lambson to be a defective delinquent, and ordered him recommitted to Patuxent, where he now is.

In his application for leave to appeal, Lambson renews his defense of res judicata and, in addition, presents several other grounds for relief. We find it unnecessary to rule on any of his contentions since we are of the opinion that at the time of the second hearing the Criminal Court of Baltimore was without jurisdiction to try the issue of the applicant's defective delinquency.[1]

That the Criminal Court of Baltimore had jurisdiction over the petitioner when it made its initial determination that he was not a defective delinquent is not questioned, nor could it be. Art. 31B has no provision, however, for reevaluation of a person who has been found not to be a defective delinquent (cf. Sec. 10 thereof which provides for reexamination of a person adjudged to be a defective delinquent after expiration of a prescribed length of time), so that Judge Harlan's determination to that effect on May 12, 1959, finally disposed of the question as far as that court was concerned. *Cf. Eggleston v. State,* 209 Md. 504, 511, and *Roberts v. Director,* 226 Md. 643, 649.

Another opportunity for an examination and determination of the petitioner's possible defective delinquency arose when he was convicted and sentenced for escape, since under the terms of Sec. 6 (a) of Art. 31B a request for such an examination may be made for a person who has "two or more convictions for any offenses or crimes punishable by imprisonment, in a criminal court of this State." The Criminal Court

1. That this Court may, on its own motion, raise the issue of jurisdiction is well established. Close v. Southern Maryland Agricultural Association, 134 Md. 629, 633, and cases therein cited.

of Baltimore, however, was no longer the proper tribunal for a hearing on the question, which, by reason of Sec. 8 of the statute, became necessary by the finding of the Patuxent staff that Lambson was a defective delinquent.

Sec. 6 (e) of Art. 31B provides that "The Court which last sentenced the defendant * * * shall retain jurisdiction of the defendant for the purpose of any procedures specified in Secs. 6, 7, 8 or 9 hereof * * *." In *McCloskey v. Director,* 230 Md. 635, we said, in interpreting this provision, that "it is implicit * * * that the last sentence means the latest sentence prior to the order for examination."

Lambson's conviction and sentence for escape by the Circuit Court for Washington County occurred some ten months before Judge Niles ordered him recommitted to Patuxent for examination. It is clear from the terms of Sec. 6 (e) and the *McCloskey* case that the imposition of that sentence vested jurisdiction of Lambson for the purpose of determining his status as a defective delinquent in the Circuit Court for Washington County.

Since the Criminal Court of Baltimore lacked jurisdiction on January 14, 1963, to determine that Lambson was a defective delinquent, its action in finding that he was is of no effect. *Thomas v. Hardisty,* 217 Md. 523, 536, and cases therein cited. Accordingly, the application for leave to appeal will be granted, the order of the Criminal Court of Baltimore determining Lambson to be a defective delinquent vacated, and the case remanded without prejudice to the conduct of further proceedings in the proper forum.

> *Application for leave to appeal granted. The order of the Criminal Court of Baltimore determining Eugene L. Lambson to be a defective delinquent is vacated, and the case remanded without prejudice to the conduct of further proceedings in the Circuit Court for Washington County.*