## HAYES *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 84, September Term, 1962.]

*Motion filed on July 30, 1963, for reconsideration of decision and opinion filed on July 15, 1963, motion granted, and revised opinion filed on September 13, 1963.*

Before the full Court.

PER CURIAM.

The applicant raises many questions in his application to appeal. We find it necessary to consider but one: Did the Criminal Court of Baltimore have jurisdiction to determine whether or not applicant was a defective delinquent?

He was convicted of robbery on September 21, 1954, in the Criminal Court of Baltimore, and, on the same day, sentenced to not more than seven years in Maryland State Reformatory for Males. In October, 1955, he was convicted of escape in the Circuit Court for Washington County and sentenced to six months' confinement to begin at the expiration of his previous sentence. The record does not disclose with clarity and certainty the exact date when he was first referred to the Patuxent Institution. The trial judge in applicant's first application for post conviction relief (227 Md. 640) states in his opinion, dated June 8, 1961, that applicant had been transferred to Patuxent sometime after 1958. The record herein shows that applicant was formally ordered transferred to Patuxent on October 14, 1960, by order of the Board of Correction. From the above, it is apparent that applicant was not referred to Patuxent at any time prior to October, 1955, the date of his conviction for escape; and that the Circuit Court for Washington County was "the last court which sentenced defendant" before his transfer to said institution. He was tried in the Criminal Court of Baltimore on November 10, 1961, found to be a defective delinquent, and ordered committed to Patuxent.

Code (1957), Article 31B, Section 6 (e), provides that "the court which last sentenced the defendant * * * shall retain ju-

risdiction of the defendant for the purpose of any of the procedures specified in Sections 6, 7, 8, or 9 hereof [defective delinquent procedures]." In *McCloskey v. Director*, 230 Md. 635, where we held that the Circuit Court for Cecil County did not lose its jurisdiction to try a man's status as a defective delinquent by reason of his escape and subsequent conviction for escape, while the defective delinquent case was pending, Judge Henderson, for the Court, said: "We think * * * it is implicit in [subsection 6 (e)] that the last sentence means the latest sentence prior to the order for examination." This holding was reaffirmed by us in *Lambson v. Director*, 231 Md. 656, where, in holding Lambson, who had been convicted in the Criminal Court of Baltimore of assault with intent to rob, subsequently convicted of escape in Washington County, and later referred to Patuxent could not rightfully thereafter be tried as a defective delinquent in the Criminal Court of Baltimore, Judge Hammond, for the Court, stated: "It is clear from the terms of Sec. 6 (e) and the *McCloskey* case that the imposition of that sentence vested jurisdiction of Lambson for the purpose of determining his status as a defective delinquent in the Circuit Court for Washington County." These cases are controlling herein.

> *Application for leave to appeal granted. The order of the Criminal Court of Baltimore determining Hayes to be a defective delinquent is vacated, and the case remanded without prejudice to the conduct of further proceedings in the Circuit Court for Washington County.*