Louis MOORER, Appellant,

v.

STATE OF SOUTH CAROLINA and Ellis C. MacDougall, Director, South Carolina State Board of Corrections, Appellees.

No. 10043.

United States Court of Appeals Fourth Circuit.

Submitted May 13, 1965.

Decided June 23, 1965.

Matthew J. Perry, Columbia, S. C., F. Henderson Moore and Benjamin L. Cook, Jr., Charleston, S. C., on brief for appellant.

Daniel R. McLeod, Atty. Gen. of South Carolina, for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

At issue before us on this appeal, which by agreement of the parties has been submitted on brief, is the correct-

ness of the district judge's action on May 12, 1965, in dismissing an amended petition for a writ of habeas corpus filed by Louis Moorer, a Negro male who is currently awaiting death by electrocution pursuant to a sentence imposed upon him by the Court of General Sessions for Dorchester County, South Carolina, after his conviction for rape on April 4, 1962. Moorer's conviction was affirmed on appeal, State v. Moorer, 241 S.C. 487, 129 S.E.2d 330 (1963), and subsequently South Carolina's highest court upheld the denial of a writ of habeas corpus to him by the state court to which his petition had been addressed. Moorer v. State, 244 S.C. 102, 135 S.E.2d 713, cert. denied, 379 U.S. 860, 85 S.Ct. 119, 13 L.Ed.2d 63 (1964).

 Although it contained several nonfrivolous allegations of the denial of his constitutional rights, Moorer's habeas corpus petition was dismissed without either an evidential hearing or a consideration of the record and transcripts of the state court proceedings. In so doing, we think the district judge was in error.

It appears to us from the record that on all the constitutional claims he has asserted, the petitioner has exhausted his available state remedies and that consideration and review of them by a federal tribunal is now required. Despite the fact that this petitioner has made several journeys through the South Carolina judicial system and presumably has had a full and fair day in court on each occasion, we emphasize that in situations like the present one, it is the responsibility of the *federal* courts to make the *final* resolution of *federal constitutional law issues*. State courts, no less than federal courts, have a duty to respect and diligently give effect to the safeguards of personal liberty written into the United States Constitution; but where a citizen charges that his fundamental rights have been infringed, the federal courts have an obligation to review independently the state court proceedings to determine whether the findings of fact are fairly supported by evidence of record and the conclusions of law are correct. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The judgment of the court below dismissing the habeas corpus application is vacated, and the case is remanded in order that the district court may hold a plenary hearing in due course on factual issues raised in the petition and undertake an independent review of the state court legal conclusions on federal constitutional points. The district court will of course desire to enter an order staying Moorer's execution until all issues pertaining to the abridgment of his constitutional rights have been finally resolved.

Vacated and remanded with instructions.