Louis MOORER, Petitioner,

v.

STATE OF SOUTH CAROLINA and Ellis C. MacDougall, Director, South Carolina State Board of Corrections, Respondents.

Civ. A. No. AC–1583.

United States District Court
E. D. South Carolina,
Columbia Division.

Aug. 4, 1965.

**532**

Matthew J. Perry, Columbia, S. C., and Earl Coblyn, Orangeburg, S. C., for petitioner.

Everett N. Brandon, Asst. Atty. Gen., Columbia, S. C., for respondents.

HEMPHILL, Chief Judge.

■ Pursuant to and in accordance with the direction in the opinion of the United States Circuit Court of Appeals for the Fourth United States Circuit, dated June 23, 1965, 347 F.2d 502, this Court proceeds to determine from a rehearing and a reconsideration of the record and the transcripts, the various issues raised in the amended petition of May 12, 1965, in the above styled matter. Moorer having charged that his constitutional rights have been infringed, this Court has an obligation to review independently the State Court proceedings to determine whether the findings of fact are fairly supported by evidence of record and the conclusions of law are correct, as discussed in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Pre-trial conference was had in Chambers of the United States District Court for the Eastern District of South Carolina, Columbia Division, on July 14, 1965. Counsel were asked if there was any objection to the exclusion of the press, if the press appeared, and counsel assured the Court that more progress at pre-trial could be expected in the absence of the press. Fortunately, the problem did not arise.

Paragraph five of the amended petition alleges violation of the due process and equal protection clauses, Moorer claiming his indictment by Grand Jury and his conviction by Petit Jury in which members of the Negro race, of which he is a member, were systematically and arbitrarily excluded or limited in number. This issue was presented to the South Carolina Supreme Court, 244 S.C. 102, 135 S.E.2d 713, after being presented to South Carolina Circuit Judge Grimball in a habeas corpus proceeding (which subsequently was given a rehearing by Judge Grimball) but was not presented at the original trial. Petitioner, in this Court, seeks to base his prayer for relief upon statistical calculations, which do not appear appropo to this particular case. The Court presently is of the opinion that there was sufficient evidence developed and aired to make a determination in accordance with the mandate of Townsend v. Sain, supra. Counsel for petitioner will be afforded an opportunity to argue the alleged inadequacy of this evidence, if he feels so advised, to protect petitioner's rights.

■ Paragraph six of the petition complains of the arraignment of defendant in the absence of counsel. It appears from the record of trial that defendant was rearraigned in the presence of counsel and it further appears that in the habeas corpus hearing before South Carolina Fifth Circuit Judge John Grimball that witnesses were heard and that a full evidentiary hearing was had on this issue. It seems patent that no further evidence is necessary for a constitutional consideration of this issue. Accordingly, no evidence thereabout will be necessary in the hearing before this Court. Petitioner will, of course, have the right to

present argument to the Court as to why more evidence is necessary, if he is so advised.

Paragraph seven alleges that "petitioner was not given an accurate, unequivocal and complete record of all proceedings in the Court of General Sessions * * preceding this conviction and sentence of death." Counsel for petitioner has conceded that there is no need for an evidentiary hearing on this issue. Accordingly, there will be none.

The thrust of paragraph eight was that the Sheriff had testified that petitioner had made a "statement" or "confession" at a preliminary hearing. There was no request for an evidentiary hearing on this issue; determination can be made from the record.

Paragraph nine alleges that petitioner was never given a true copy of the whole indictment against him as required by § 17–408, S.C.Code, 1962. There was and is no question but that petitioner was not given a copy of the indictment at the time of his arraignment. Counsel will have the opportunity to argue the legal impact of this denial.

The issue raised in paragraph ten, which alleges that § 16–71, S.C.Code, 1962 (the statute which defines rape), is upon its face and as construed and applied to petitioner, vague, indefinite and uncertain. Counsel agreed that no evidentiary hearing is necessary thereabout and that the matter would be presented to the Court by way of legal argument.

As to paragraph eleven of the May 12 petition, counsel agreed at the hearing that no evidentiary hearing was necessary but that the sufficiency of the evidence to sustain the conviction would be fully explored by counsel in legal argument at the hearing hereinafter discussed. Counsel are free to make reference to any and all transcripts and shall be prepared to cite to the Court relevant portions and pages thereof.

Counsel agreed that the matters set forth in paragraph twelve of the petition were first raised in this petition. No evidentiary hearing was requested, after

discussion, and the issue to be discussed and argued before the Court is whether or not the alleged confession was voluntary, which includes the question of whether the jury should have been excused during the discussion thereabout in the Court of General Sessions for Dorchester County on trial of the cause.

Paragraph thirteen alleges that § 16–72, S.C.Code, 1962, (which prescribes the death penalty for conviction of rape) upon its face and applied to petitioner under the circumstances here violates the Fourteenth Amendment in that:

a) it imposes a cruel and unusual punishment; and

b) there has been unequal application of this statute and a long standing practice, policy, and custom of "sentencing Negro men to death for rape upon white women while not inflicting this punishment upon any other person."

Part "a" clearly presents a matter of law for the Court and counsel agreed that no evidentiary hearing was necessary or warranted.

As to subparagraph "b", this Court must determine, and counsel are directed to advise, as to (1) the constitutional diminution claimed; (2) the basis or competency of any statistical evidence sought to be introduced; (3) whether the parties can stipulate satisfactorily to the end that the Court can rule on this contention as a matter of law; and (4) whether the "logical extreme" of the "evidence" possible in this case will have a salutory effect on the proper administration of justice. Of course, the question of unconstitutional application, if such exists, of the statute with reference to RAPE may be fully argued in this hearing.

Nothing herein shall limit the right of petitioner to present full argument on any of the issues, or to make a motion that the plenary hearing hereinafter directed be more "exhaustive" than the foregoing suggests.

Counsel agreed that it would not be necessary for petitioner to be present at the hearing, that his absence therefrom would in no wise deny him any constitutional right as neither counsel nor the Court find it necessary to take his testimony on any issue considered.

Counsel will confer in advance of hearing to ascertain if stipulations can be agreed upon and will advise the Court thereabout in the briefs mentioned below.

A plenary hearing will be held in the courtroom of the United States District Court at Columbia, South Carolina, at 10:00 A.M., August 18, 1965, and continue thereafter until consummated. Five days in advance of said hearing, counsel will present the Court with a brief expressing fully upon the legal and factual issues set by this Order and by agreement, and shall present agreed stipulations. In said brief shall be noted all appearances expected at the hearing and a statement as to the approximate time desired for presentation and argument.

Other hearings will be had upon justification shown.

And it is so ordered.