## SIMMONS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 45, September Term, 1961.]

*Decided January 23, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

SYBERT, J., delivered the opinion of the Court.

The applicant, who had been sentenced to imprisonment for housebreaking, was found by a jury to be a defective delinquent and he now seeks leave to appeal.

The chief contention is that there was insufficient evidence to support the finding. The applicant was represented by coun-

sel at the hearing. He had a rather long record of offenses as a juvenile and as an adult, including car thefts and breaking and entering. Dr. Boslow, the director, and other staff officials of Patuxent reported that he "shows definite indications of emotional imbalance of a type which renders him a danger to society". Applicant was quoted as saying, "I could hardly control stealing. * * * I just don't go along with society's laws." Dr. Waterman, an independent psychiatrist who examined him at his request, concurred in the findings of the Patuxent staff and recommended commitment. There was sufficient evidence from which the jury could properly find defective delinquency.

The applicant next claims that his commitment constitutes double jeopardy; that the defective delinquent law violates the equal protection clause of the Fourteenth Amendment to the Federal Constitution and the Maryland Declaration of Rights by discriminating against him as a person or as a member of a group, and that the statute permits cruel and unusual punishment by providing for an indeterminate "sentence". Similar claims advanced in *Eggleston v. State,* 209 Md. 504 (1956), were found to be without merit.

It is further contended that the statute is *ex post facto* in effect, since the issue of his being a defective delinquent was not raised in the trial for housebreaking, thus depriving him in the subsequent delinquency hearing of the protections which must be afforded to one accused of crime. The short answer is that the statute is civil, not penal, in nature and its end objective is not punishment but treatment. *McElroy v. Director,* 211 Md. 385 (1956). Even if applicant's characterization were correct, the prohibition against *ex post facto* laws relates only to penal statutes.

Applicant maintains that he should not be confined except on definite proof of a specific crime. His contention is answered in *Blizzard v. State,* 218 Md. 384, 390 (1958), where it was said that in defective delinquent hearings there is no issue as to guilt or innocence of any crime of which the person involved has already been convicted; the sole issue is whether or not the person is a defective delinquent. Plainly, his convictions rendered him subject to the examination and hearing under Code (1961 Cum. Supp.), Art. 31B, § 6(a).

It is claimed that admission of the testimony of the psychiatrists and other physicians who examined the applicant was a violation of the patient-physician privilege. The statute provides that the reports of the examining physicians, including that of the independent psychiatrist, when one is requested, "shall be submitted in writing addressed to the court." Code (1961 Cum. Supp.), Art. 31B, § 7 (a) and (b). The purpose of the examinations is to aid the court or jury to determine the status of the person involved, and it is obvious that the patient-physician relationship does not exist and that the results of such examinations are admissible.

Applicant alleges error in the admission of testimony by a psychiatrist concerning prior offenses and convictions of applicant, learned by the psychiatrist from applicant himself and from court records. Even if we assume that proper objection was made, the contention has no merit. The underlying purpose of the defective delinquent law is to afford protection to society from persons whose behavior evidences a propensity toward criminal activity. *Height v. State,* 225 Md. 251 (1961). The purpose of the statute would be defeated unless such testimony were admitted to determine whether a propensity toward such behavior exists. The testimony complained of was material and admissible.

The final contention, a bald allegation that applicant was committed to Patuxent solely on the basis of circumstantial evidence, merits no discussion. We have already found that there was ample evidence to support the jury's finding of defective delinquency.

*Application denied.*