## MURRAY *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 46, September Term, 1961.]

*Decided April 19, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT, HORNEY, MARBURY and SYBERT, JJ.

HORNEY, J., delivered the opinion of the Court.

On October 11, 1961, Roosevelt Murray, having been found
to be a defective delinquent, was committed to the Patuxent
Institution for an indeterminate period without either maximum
or minimum limits. And on November 10, 1961, he applied
to this Court for leave to appeal.

In his application, the applicant, in asserting that he was
"denied due process of law" at the hearing, contends (i) that
he was "not granted his choice of counsel"; (ii) that he was
"denied a psychiatrist of his own choice"; (iii) that he was
"never formally arraigned"; (iv) that he was "not served
with a copy" of the report of the director of the institution;
(v) that he was "not confronted with all of the witnesses
against him" in that "testimony was permitted in court with-
out the witness being present"; and (vi) that "false evidence
was used against him" regarding his escape from the Crowns-
ville State Hospital.

(i)

The record shows that the court appointed competent coun-
sel to represent the applicant prior to the initial hearing, but
when the applicant appeared, he declined to accept the lawyer
the court had appointed for him, claiming that he was en-
titled to counsel of his own choosing. But when the court in-
formed the applicant that he was not entitled to another
lawyer at the expense of the State and that he had a choice

of accepting the court-appointed counsel, of engaging counsel of his own selection at his expense, or of representing himself, the applicant adopted the suggestion of the court that he give the matter further consideration. The record is silent as to any choice he made, but it does appear that the court-appointed counsel competently represented the applicant when the case was heard upon reassignment. He has raised here, however, a question as to the propriety of the appointment of counsel.

Code (1957), Art. 31B, § 8 (a), provides in pertinent part that a defendant "shall be represented by counsel of his own choice, or if he makes no choice, by competent counsel appointed by the court." While it is clear that a defendant is entitled to counsel, the stipulation that he shall be "represented by counsel of his own choice," does not mean that an indigent defendant is entitled as a matter of right to employ counsel of his own choice and require the State to pay the fee. He may, of course, employ whoever is willing to take his case, but if he does there is no provision in the statute requiring a fee to be paid out of public funds. On the contrary, we think it is implicit that the employment of counsel by a defendant shall be at his expense. But, if a defendant, due to the lack of funds, is not able to employ counsel, then the court, in the exercise of its discretion, may appoint counsel for him, and in that event, a reasonable fee for the service rendered by the court-appointed counsel is payable by the State. Cf. *Sutton v. Warden,* 219 Md. 687, 149 A. 2d 375 (1959), where it was noted that § 645E of Art. 27 (one of the sections of the P. C. P. A.) does not require the appointment of counsel by the court if it is determined that a petitioner for post conviction relief has funds to employ his own counsel. Also compare the provisions of § 7 (b) of Art. 31B, where, in providing that a defendant is entitled to be examined by a psychiatrist of *his own choice,* it is further provided that the reasonable cost of such examination shall be defrayed by the State.

(ii)

It appears from the record that the defendant was not ex-

amined by a psychiatrist selected by himself, but, on being interrogated by the court, he frankly admitted that his court-appointed counsel had sent one to Patuxent to examine him, but, because the defendant thought he was one of the doctors in the institution, he refused to see him. And when he was asked by the court if there was anything else he wanted to say, he replied in the negative. Clearly the refusal to see the psychiatrist, and his failure to request a postponement for the purpose of having a belated examination made, constituted a waiver by the defendant of his right to independent psychiatric examination.

### (iii)-(vi)

Inasmuch as they were not raised below, we are not authorized to review the four remaining contentions. Maryland Rule 885. None has substance.

The application for leave to appeal must therefore be denied.

*Application denied.*