## CRESWELL *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 10, September Term, 1962.]

*Decided October 10, 1962.*

Before the full Court.

PER CURIAM.

This is an application for leave to appeal from an order recommitting the petitioner to Patuxent Institution after he was again found to be a defective delinquent.

His first four contentions are that he was incarcerated in violation of the Fifth Amendment to the Federal Constitution, that he was placed in double jeopardy, that the law is unconstitutional as an *ex post facto* law, and that his confinement constitutes cruel and unusual punishment. It does not appear

640

that these questions were raised below. *Murray v. Director,* 228 Md. 658, 661. In any event they have been considered in prior cases and found to be without merit. *Eggleston v. State,* 209 Md. 504; *Simmons v. Director,* 227 Md. 661, 663.

The petitioner also contends that he is not a defective delinquent, that the court erred in submitting an interrogatory to the jury, and in "protecting the image of Patuxent Institution". These contentions are without merit. There was sufficient testimony to warrant submission of the case to the jury. Dr. Gundry, the petitioner's own witness, testified that the petitioner was a potential threat to society. The interrogatory in question, given to the jury in connection with the court's careful and elaborate charge, simply contained the statutory definition with certain key words underscored. We think there was no reversible error in the interrogatory, nor do we think there was reversible error in the court's description of Patuxent Institution, in which the court repeated what this court has said and recited some of the legislative purposes.

Other contentions, not raised below, are not subject to review here. *Weddle v. Director,* 227 Md. 639.

*Application denied.*