MUMFORD *v*. DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 9, September Term, 1965.]

*Decided October 11, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Applicant had previously been convicted in the Criminal
Court of Baltimore of assault with intent to murder and on
June 28, 1961, was sentenced to three years in the Maryland
House of Correction. Subsequently, on September 24, 1962, he
was found to be a defective delinquent and committed to Pa-
tuxent Institution pursuant to Code (1957, 1965 Cum. Supp.),
Article 31B, Section 5. He later filed an application for a re-
determination as to whether he was still a defective delinquent
and on January 4, 1965, he was again found to be a defective
delinquent by Chief Judge Manley, sitting without a jury, and
was recommitted to Patuxent Institution. An application for
leave to appeal and a memorandum in support thereof have
been filed on behalf of the applicant by his court appointed at-
torney based upon the following contentions:
1. That the verdict was erroneous and against the weight of
   the evidence.
2. That there was no evidence legally sufficient to support
   a finding of defective delinquency.
3. That the evidence for the applicant showed that he was
   prepared to re-enter society.
4. That the witness for the State relied on the applicant's
   speech impediment as a basis for finding him a defective
   delinquent.
5. That the medical staff of Patuxent has not provided him
   with group therapy.
The applicant's first contention relates to the weight of the
evidence and not to the sufficiency thereof. We have consis-
tently held that questions as to the weight of the evidence are
not available on application for leave to appeal if, in a non-
jury case, the finding is not clearly erroneous. *Alt v. Director,*
240 Md. 262, 213 A. 2d 746; *Blakney v. Director,* 239 Md. 704,
211 A. 2d 734; *Colbert v. Director,* 234 Md. 639, 199 A. 2d
801. With regard to the applicant's second contention, since
the report of the Patuxent Institution resulted in a finding that
the applicant was still a defective delinquent the applicant's point

goes to the weight of the evidence and not the sufficiency thereof. In regard to the applicant's third contention, we have held that evidence of rehabilitation goes to the weight of the evidence. *Silvestri v. Director,* 234 Md. 641, 199 A. 2d 784. Likewise, applicant's fourth contention relates to the weight of the evidence. The witness for the State did not say that the applicant was a defective delinquent because of his speech impediment, but merely pointed out that the speech impediment was one of the causes of the applicant's having difficulty adjusting to a non-controlled society.

The applicant's fifth contention is also without merit. There is no requirement that an inmate be given treatment unless the same is appropriate. Also, any objection to the quality of treatment at Patuxent has been answered in *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397.

*Application denied.*