## CHAVEZ v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 19, September Term, 1965.]

*Decided October 11, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Applicant had previously been convicted in the Criminal
Court of Baltimore of escape, attempted larceny, and larceny on
April 17, 1962, and had been sentenced to the Maryland State
Reformatory for Males for a term of not more than 18 months.
Subsequently, on January 18, 1965, the applicant was found to
be a defective delinquent by Judge Cardin, sitting without a
jury, and committed to Patuxent Institution pursuant to Code
(1957, 1965 Cum. Supp.), Article 31B, Section 5. An appli-
cation for leave to appeal and a memorandum in support there-
of have been filed on behalf of the applicant by his court ap-
pointed attorney in which he sets forth the following conten-
tions:

1. That Article 31B is unconstitutional because:
    (a) it violates the guarantee of due process,
    (b) it violates the guarantee of equal protection of law,
    (c) it violates the guarantee against double jeopardy,
    (d) it imposes confinement without maximum limitation,
    (e) it imposes confinement after applicant's sentence has
        expired, and
    (f) it is an ex post facto law.
2. That the verdict was erroneous and against the weight of
   the evidence.
3. That there was no evidence sufficient to support a finding
   of defective delinquency.

The contentions raised in 1 (a) through (f) have been com-
pletely answered by this Court in the case of *Director v. Dan-
iels*, 243 Md. 16, 221 A. 2d 397.

With regard to the applicant's second contention, we have
consistently held that questions as to the weight of the evidence
are not available on application for leave to appeal if, in a non-

jury case, the finding is not clearly erroneous. *Alt v. Director,* 240 Md. 262, 213 A. 2d 746; *Blakney v. Director,* 239 Md. 704, 211 A. 2d 734; *Colbert v. Director,* 234 Md. 639, 199 A. 2d 801. Since the report of the Patuxent Institution resulted in a finding that the applicant was a deefctive delinquent, the applicant's third contention goes to the weight of the evidence, not to the sufficiency thereof, and is not available to him. *Mumford v. Director,* 243 Md. 723, 223 A. 2d 158.

*Application denied.*