DAVIS *v.* DIRECTOR OF PATUXENT
INSTITUTION
[App. No. 53, September Term, 1965.]

*Decided October 21, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

The applicant, having been convicted of assault with intent
to rob and sentenced to three years in the Maryland House of
Correction, was found by a jury to be a defective delinquent
within the meaning of Code, Art. 31B (1957, Cum. Supp.
1965). He was committed to Patuxent Institution. On 5 April
1965 a redetermination of defective delinquency was made in
the Criminal Court of Baltimore (Cardin, J., sitting without a
jury) and this application for leave to appeal was filed there-
after. It contains the following allegations:

1. That the commitment violates the constitutional rights of
the applicant with respect to due process generally and cruel
and unusual punishment.

2. That Art. 31B constitutes an ex post facto law and bill of attainder.

3. That the indeterminate sentence violates Md. Const. art. 3, § 60.

4. That the psychiatric examinations violates the constitutional privilege against self incrimination.

5. That the statutory language is unconstitutionally vague and ambiguous.

6. That despite the applicant's refusal to see the psychiatrist appointed by the court at his request, he did not waive his right to and should have had the benefit of such examination.

7. That the inclusion in his medical report of an arrest for homosexuality, of which he was found innocent, was prejudicial.

All of the applicant's constitutional allegations have been disposed of in *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397 (1965) and the provision of the Maryland Constitution cited does not prohibit indeterminate sentences in civil cases, including proceedings under Art. 31B, but merely permits the Legislature to provide for such sentences in criminal cases.

There is no merit to the contention concerning the failure to have the applicant examined by a psychiatrist of his own choosing, inasmuch as the applicant, by refusing to see the doctor supplied at his request and by failing to request a postponement of the hearing on that ground, waived this right. *Murray v. Director,* 228 Md. 658, 179 A. 2d 878 (1962).

With respect to the arrest for homosexuality which appeared in the medical report read by Dr. Boslow, in view of the civil nature of these proceedings and the admissibility of evidence of prior antisocial behavior (see *Rice v. Director,* 238 Md. 137, 207 A. 2d 616 (1964)), and since the arrest did in fact occur and applicant had ample opportunity to show that he was found innocent of the charge, there is no showing of prejudice here.

*Application denied.*