## SHINE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 124, September Term, 1965.]

*Decided November 21, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

The applicant pleaded guilty to burglary in the Criminal Court of Baltimore and on May 25, 1962, was sentenced to not more than two years in the Maryland State Reformatory for Males. On February 25, 1963, he was found to be a defective delinquent and committed to Patuxent Institution. He later filed a petition for re-determination and on November 19, 1965, a hearing was held before Judge Cardin, sitting without a jury, who found that the applicant was still a defective delinquent and recommitted him to Patuxent Institution. An application for leave to appeal and a memorandum in support thereof have been filed on behalf of the applicant by his court appointed attorney, based upon the following contentions:

1. That the State's only witness, Dr. Boslow, based his testimony on a very brief examination of the applicant and in part on the conclusions of other experts who were not present in the courtroom.

2. That an investigation of the evidence shows the verdict to be erroneous.

3. That the evidence was legally insufficient to support the finding of defective delinquency.

4. That Dr. Boslow's testimony was hearsay.

5. That the applicant has served a six year term, while his original sentence was for not more than two years.

With regard to applicant's contentions 1 and 4 it is now well established that the director of Patuxent need not base his testimony on first hand examination, but may base his testimony on reports of members of his staff, *Shields v. Director,* 244 Md. 710, 224 A. 2d 107; *Alt v. Director,* 240 Md. 262, 213 A. 2d 746; *Murel v. Director,* 240 Md. 258, 213 A. 2d 576, so that these contentions are without merit.

With regard to applicant's contentions 2 and 3, these are also without merit since the report of Patuxent Institution testified to by Dr. Boslow showed a finding of defective delinquency, these points go to the weight of the evidence and not to the suf-

ficiency thereof. This Court has consistently held that questions of the weight of the evidence are not available on application for leave to appeal if, in a non-jury case, the finding is not clearly erroneous. *Shields v. Director, supra; Whiting v. Director,* 243 Md. 727, 223 A. 2d 161; *Chavez v. Director,* 243 Md. 725, 223 A. 2d 160; *Mumford v. Director,* 243 Md. 723, 223 A. 2d 158.

Likewise without merit is applicant's contention 5. He was committed to Patuxent Institution on February 25, 1963, before the expiration of his criminal sentence. His commitment was without maximum or minimum limits. See Code (1957, 1965 Cum. Supp.), Article 31B, Section 9 (b). The validity of an indeterminate sentence has consistently been upheld. *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397.

*Application denied.*