## SHIELDS v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 123, September Term, 1965.]

*Decided November 21, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Applicant had previously been convicted in the Criminal Court of Baltimore of burglary and on November 4, 1960, was sen-

tenced to a two year suspended sentence. Subsequently, on May 12, 1961, the applicant was found guilty of sodomy and on June 5, 1961, was sentenced to not more than two years in the Maryland State Reformatory for Males. On February 4, 1963, he was found to be a defective delinquent by Judge Byrnes and was committed to Patuxent Institution. He petitioned for redetermination and on October 25, 1965, a hearing was held before Judge Cardin, sitting without a jury, who found that the applicant was still a defective delinquent and recommitted him to Patuxent Institution. An application for leave to appeal and a memorandum in support thereof have been filed on behalf of the applicant by his court appointed attorney, based upon the following contentions:

1. That there was no evidence legally sufficient to support a finding of defective delinquency.

2. That the applicant's testimony indicated that he was ready to re-enter society.

3. That the only testimony the State produced was that of Dr. Boslow, who testified from the reports of other members of his staff.

4. That the State failed to prove that he was being given any treatment.

The applicant's first contention is without merit since the report of Patuxent Institution testified to by Dr. Boslow showed a finding of defective delinquency, and this point goes to the weight of the evidence and not to the sufficiency thereof. We have consistently held that questions as to the weight of the evidence are not available on applications for leave to appeal, if, in a non-jury case, the finding is not clearly erroneous. *Whiting v. Director,* 243 Md. 727, 223 A. 2d 161; *Chavez v. Director,* 243 Md. 725, 223 A. 2d 160; *Mumford v. Director,* 243 Md. 723, 223 A. 2d 158.

Applicant's second contention is also without merit since we have held that evidence of rehabilitation goes to the weight of the evidence. *Whiting v. Director, Mumford v. Director,* both *supra; Silvestri v. Director,* 234 Md. 641, 199 A. 2d 784.

Likewise, applicant's third contention is without merit because it is well settled that the director of Patuxent Institution can testify from the reports of others. *Alt v. Director,* 240 Md.

262, 213 A. 2d 746; *Murel v. Director,* 240 Md. 258, 213 A. 2d 576.

Finally, applicant's fourth contention is without merit since there is no requirement that an inmate be given treatment unless the same is appropriate. *Mumford v. Director, supra. Director v. Daniels,* 243 Md. 16, 221 A. 2d 397.

*Application denied.*