## FOX *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 11, September Term, 1966.]

*Decided December 16, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

Applicant was convicted in the Criminal Court of Baltimore of perverted practice on June 18, 1965, and had been sentenced to the Maryland House of Correction for a term of five years. Subsequently, on February 14, 1966, the applicant was found to be a defective delinquent by Judge Cullen, sitting without a jury, and was committed to Patuxent Institution. An applica-

tion for leave to appeal and a memorandum in support thereof have been filed on his behalf by his court appointed attorney. He sets forth the following contentions:

1. That there was no evidence legally sufficient to support the finding of defective delinquency.
2. That Dr. Boslow testified from reports of staff members of Patuxent Institution.
3. That these staff members were not present in court and the defendant could not cross examine them.
4. That the applicant was not properly represented by his court appointed counsel who interviewed the applicant only once at Patuxent for a period of 15 minutes, and then interviewed him briefly on the day of trial.
5. That Dr. Philip Lerner examined the applicant, found him not to fit the description of a defective delinquent, but applicant's attorney did not summon Dr. Lerner to testify.

Since the report of Patuxent Institution as testified to by Dr. Boslow resulted in the finding that the applicant was a defective delinquent, this point goes to the weight of the evidence and not to the sufficiency thereof. Questions relating to the weight of the evidence are not available on application for leave to appeal if, in a non-jury case, the finding is not clearly erroneous. *Whiting v. Director*, 243 Md. 727, 223 A. 2d 161; *Chavez v. Director*, 243 Md. 725, 223 A. 2d 160; *Mumford v. Director*, 243 Md. 723, 223 A. 2d 158.

With regard to applicant's second and third contentions, we have consistently held that the Director of Patuxent Institution can base his testimony on the reports of members of the staff. *Shine v. Director*, 244 Md. 712, 224 A. 2d 108; *Shields v. Director*, 244 Md. 710, 224 A. 2d 107; *Alt v. Director*, 240 Md. 262, 213 A. 2d 746. His complaint of lack of confrontation has been completely answered in the case of *Director v. Daniels*, 243 Md. 16, 221 A. 2d 397.

With regard to applicant's fourth and fifth contentions, the facts are clearly insufficient to justify granting leave to appeal. We have held that the incompetence of counsel is not reviewable unless it is so great as to have made a farce out of the proceedings, *Bullock v. Director*, 231 Md. 629, 190 A. 2d 789, and

the record discloses no indication that such a situation existed at the defective delinquency hearing. It may be noted at this point that Dr. Lerner, the psychiatrist selected by the applicant to examine him, stated in his report "at this time he fits the description of a defective delinquent in accordance with the Maryland State Law." See *Murel v. Director,* 231 Md. 661, 191 A. 2d 445. Doubtless for that reason applicant's counsel at the defective delinquency hearing did not summon Dr. Lerner to testify.

*Application denied.*