## REGINALD SAVAGE *v.* DIRECTOR, PATUX-ENT INSTITUTION

[No. 149, September Term, 1967.]

*Decided August 14, 1968.*

Before Murphy, C.J., and Anderson, Morton, Orth, and Thompson, JJ.

Per Curiam.

On 30 November 1962 the applicant was convicted of seven offenses of burglary and sentenced to one year in the Maryland House of Correction on each, the sentences to run consecutively. On the same date he was ordered to be taken to Patuxent Institution for examination and evaluation. On 29 May 1964 he was determined to be a defective delinquent and committed to Patuxent Institution. On 31 May 1967 in the Criminal Court of Baltimore, he was again determined to be a defective delinquent. He seeks leave to appeal from that redetermination.

The applicant's three allegations go to the weight and sufficiency of the evidence on which he was redetermined to be a defective delinquent.

We do not have a transcript of the proceedings of the hearing but the record contains a report of examination made by a psychiatrist at the applicant's request. It includes the following statement of the examining psychiatrist:

> "* * * I believe that he has shown definite improvement but I do not feel that this improvement is sufficient at this time to materially change his status. I hope that he can be reexamined in about a year or so because I feel that he needs further treatment in a structural environment. I hope that he can be given more privileges and perhaps be advanced to the 4th level and given a chance under much less restricted security during this time."

The Court of Appeals said in *Simmons v. Director*, 227 Md. 661, 664:

> "It is claimed that admission of the testimony of the psychiatrists and other physicians who examined the applicant was a violation of the patient-physician privilege. The statute provides that the reports of the examining physicians, including that of the independent psychiatrist, when one is requested 'shall be submitted in writing addressed to the court.' Code (1961 Cum. Supp.), Art. 31B, § 7(a) and (b). The purpose of the examinations is to aid the court or jury to determine the status of the person involved, and it is obvious that the patient-physician relationship does not exist and that the results of such examinations are admissible."

And it was said in *Sas v. State*, 334 F. 2d 506 (4th Cir. 1964) at 511, citing *Simmons*:

> "The psychiatrist of the criminal's own choice, which must be furnished him by the State upon request, is not in the position of a medical expert in an adversary proceeding. He is considered to be 'independent'. He

is required to submit a written report of his examination and findings to the court for consideration by the trier of fact. The defendant has no control over the admission of the report of this independent psychiatrist and the physician-patient relationship does not apply."

The report here constituted legally sufficient evidence to support the determination that the applicant was a defective delinquent. Thus the finding of the hearing judge was not clearly erroneous. In a non-jury case if the finding is not clearly erroneous, questions as to the weight of the evidence are not available on application for leave to appeal. *Mumford v. Director*, 243 Md. 723, 724.

*Application denied.*