## ROBERT LEE FOX *v.* DIRECTOR, PATUX-ENT INSTITUTION

[No. 129, September Term, 1968.]

*Decided April 2, 1969.*

*Joseph G. Koutz* for applicant.

Per Curiam.

Applicant had been convicted in the Criminal Court of Baltimore of perverted practice on 18 June 1965, and had been sentenced to imprisonment for a term of 5 years. On 14 February

1966 he was found to be a defective delinquent at a court trial in the Criminal Court of Baltimore and was committed to Patuxent Institution. Application for leave to appeal from that determination was denied. *Fox v. Director,* 244 Md. 725. On 1 August 1968 he filed a petition for the purpose of having his defective delinquency redetermined. Upon hearing on 11 December 1968 he was redetermined to be a defective delinquent by Judge J. Harold Grady. Application for leave to appeal and a memorandum in support thereof has been filed by his court appointed attorney. His contentions are that the evidence was insufficient, that § 7 of Art. 31B, Md. Code is unconstitutional and that his hearing was "basically unfair."

The Director of Patuxent Institution testified that it was his opinion and that of his staff that the applicant meets the definition of a defective delinquent as defined by law. An interval note in the record before us also so states. A report of Dr. Philip F. Lerner, who examined the applicant at the request of the applicant's attorney expressed the opinion that the applicant no longer fits the description of defective delinquent in accordance with the Maryland State Law. The point thus goes to the weight of the evidence and questions relating to the weight of the evidence are not available on application for leave to appeal if, in a non-jury case, the finding is not clearly erroneous. *Fox v. Director, supra,* at 726. On the evidence before the court here, its finding was not clearly erroneous.

The ground advanced for the contention that Md. Code, Art. 31B, § 7 is unconstitutional is that although subsection (a) of § 7 requires that "any such examination" for possible defective delinquency be made by three persons on behalf of the institution for defective delinquents, "one of whom shall be a medical physician, one a psychiatrist, and one a psychologist," subsection (b) of § 7 entitles a possible defective delinquent to be examined by only one practitioner of psychiatry of his own choice. He claims this denies him equal protection of the laws and due process of law. In *Director v. Daniels,* 243 Md. 16, application for leave to appeal from a redetermination that Daniels was still a defective delinquent was granted and the proceeding remanded to the Court of Appeals solely for review of petitioner's contention concerning the constitutionality of the Defective De-

linquent Law and its application to him. In its opinion the Court considered all aspects of the Act in depth, including the procedural requirements of examination on behalf of the institution for defective delinquents and the examination by a private psychiatrist of the defendant's own choice at the expense of the State. It concluded that "the Act is constitutional and is being constitutionally applied, both generally and specifically as to Daniels." p. 50. We think *Daniels* is dispositive of the applicant's contention as to constitutionality. And see *Sas v. State of Maryland*, etc., 295 F. Supp. 389, in which the Court found as a fact and concluded as a matter of law "that the Maryland Act is not only constitutional on its face, but also in its interpretation, application, administration and results."

The contention that the hearing was "basically unfair" is apparently based on the applicant's argument as to the examination provisions of § 7 made in claiming that the section is unconstitutional. As we have held that the section is constitutional the contention has no merit.

*Application denied.*