## JOSEPH SAMUEL SILVESTRI *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 153, September Term, 1969.]

*Decided January 9, 1970.*

402

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for applicant.

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

ORTH, J., delivered the opinion of the Court.

Joseph Samuel Silvestri (applicant) was convicted of robbery with a deadly weapon at a court trial in the Criminal Court of Baltimore and sentenced to not more than 5 years.[1] By order of the court of 13 May 1963 he was referred to Patuxent Institution for evaluation as a possible defective delinquent. Upon hearing he was found to be a defective delinquent by the court on 29 November 1963. Application for leave to appeal was denied. *Silvestri v. Director,* 234 Md. 641. It was redetermined that he was a defective delinquent upon hearing on 10 November 1966 and he was recommitted to Patuxent Institution. On 29 May 1969 he again petitioned for a redetermination of his defective delinquent status. Md. Code, Art. 31B, § 10(a). Upon hearing on 10 Oc-

---

1. No direct appeal was taken. Two collateral attacks on the conviction under post conviction procedures were made. Relief under the first was denied by order of 22 July 1964 and no application for leave to appeal was filed. Relief under the second was denied by order of 10 April 1967. Application for leave to appeal was denied. *Silvestri v. Director,* 2 Md. App. 607.

tober 1969 he was determined by a jury to be a defective delinquent and by order of the Superior Court of Baltimore City the same date was recommitted to Patuxent Institution.[2] He seeks leave to appeal from the redetermination. He alleges that he was denied due process of law and effective representation of counsel.

Applicant claims a violation of due process because he did not receive a "formal arraignment hearing as prescribed by Code, Art. 31B, § 8(a)." The statute to which applicant refers clearly relates only to an original determination of defective delinquency under §§ 6 and 7 and not to redetermination hearings under § 10. It is upon the original report of Patuxent Institution stating that a person is a defective delinquent that under § 8(a) "The Court shall forthwith summons the person before it and advise him of the substance of the report and of the pendency of the hearing hereinafter provided [and] shall further advise him of his right to be represented at such hearing by counsel of his choice, or if he has no choice, by competent counsel appointed by the court." The procedure for a redetermination of defective delinquency is provided by § 10. Subsection (a) thereof prescribes, in relevant part, that upon a petition for redetermination:

> "* * * The court shall forthwith proceed to hear and determine the matter. If the person so confined, or anyone in his behalf, shall pray a jury trial, the court shall empanel a jury of twelve persons * * *. Any person in interest shall have the right to counsel and to process to compel the attendance of witnesses. * * *."

The petition for redetermination here was filed by applicant's retained counsel. A petition to employ a private psychiatrist to examine applicant was filed and granted on 27 June 1969. Dr. Philip F. Lerner was employed, examined applicant and filed a report dated 15 July 1969.

---

2. But see Code, Art. 31B, § 10(b).

Applicant requested and obtained a hearing by jury and witnesses were summoned at his request to testify in his behalf. Applicant states that he was "arraigned" on the day of the hearing.

We find that here there was full compliance with the statutory rights of applicant and no denial of his constitutional rights. The allegation as to the lack of a "formal arraignment" is frivolous.

Applicant alleges that he was denied effective assistance of counsel (1) because "the omission of the requisite preliminary arraignment was the direct result of laches by his attorney whose error in representation amounts to such a degree of incompetency that it denied him his Federal Sixth Amendment right to counsel — which means effective counsel," and (2) because "his hearing counsel's inattentiveness to his rights is evidenced by advice that his leave to appeal was meritless and by counsel's suggestion that he seek out a Court-appointed attorney to pursue his cause on appeal."

The first reason is answered by our holding that there was full compliance with the procedural requirements and no denial of applicant's constitutional rights.

With regard to the second reason, applicant sought and received court appointed counsel to pursue his application for leave to appeal. The only allegations of error advanced by counsel on application for leave to appeal, which apparently were all he could find to present, show that the leave to appeal was meritless. That hearing counsel so expressed to applicant indicated more that he was competent than incompetent, and in no way showed that he did not afford applicant effective representation at the hearing.

In the memorandum in support of application for leave to appeal counsel notes that the report of the privately employed psychiatrist was not introduced in evidence. We note that the impression of Dr. Lerner as stated in the report was: "Unfortunately this patient has shown very little improvement in his stay at the Patuxent Institution and certainly he is not ready to go out to society

without being a danger to himself or to others. Prognosis is fairly guarded. He is not a good candidate for any type of therapy, in my opinion."

We find, upon consideration of the reasons advanced by applicant in support of his allegation that he was denied effective assistance of counsel at the redetermination hearing, that the allegation is without merit.

*Application denied.*