COLLIS JOHN McCUBBIN *v.* DIRECTOR, PATUXENT INSTITUTION

[App. No. 114, September Term, 1972.]

*Decided April 5, 1973.*

352

Before MOYLAN, SCANLAN and DAVIDSON, JJ.

*Lee N. Sachs* for applicant.

*Francis B. Burch, Attorney General,* and *Milton B. Allen, State's Attorney for Baltimore City,* for respondent.

DAVIDSON, J., delivered the opinion of the Court.

The applicant, Collis John McCubbin, seeks leave to appeal from an order of 31 October 1972, recommitting him to Patuxent Institution after a redetermination that he is a defective delinquent under the Defective Delinquent Act, Code (1957), Art. 31B. He argues first that his continued detention is impermissible because he has been held in the Institution for a term longer than he would have served in the custody of the Department of Corrections, had he been credited with good time against his sentence. However, indeterminate sentences beyond the term of the originally imposable sentence for the purpose of treatment under the Defective Delinquent Act have been sustained repeatedly. *See, e.g., Shine v. Director,* 244 Md. 712, 714, 224 A. 2d 108, 110 (1966) ; *Director v. Daniels,* 243 Md. 16, 47, 221 A. 2d 397, 415-16, *cert. denied,* 385 U. S. 940, 87 S. Ct. 307 (1966) ; *Carter v. Director,* 10 Md. App. 247, 250, 269 A. 2d 172, 174 (1970).

Applicant's second contention is that the report of the independent psychiatrist should not have been admitted because § 7 (b) of the Defective Delinquent Act, authorizing the appointment of an independent psychiatrist and the admission of his report into evidence, applies

only to original and not to redetermination proceedings. He contends that without the statutory exception to the hearsay rule provided in § 7, the independent psychiatrist's report constituted inadmissible hearsay when introduced by the Institution over the objection of the applicant. To support his contention, applicant cites *Silvestri v. Director*, 8 Md. App. 401, 260 A. 2d 355 (1970), in which this Court held that the arraignment to which one is entitled under § 8 (a) of the Act at the commencement of an original defective delinquency proceeding is no longer one's right when the proceeding is one for redetermination, because the proper procedures for instituting redetermination hearings are specifically prescribed in § 10, and do not require the formal arraignment prescribed by § 8 (a).

We disagree with the applicant's contention. Both original and redetermination proceedings share the same goal of discovering whether the subject of the proceedings is a defective delinquent as defined in § 5 of the Act. *Simmons v. Director*, 231 Md. 618, 189 A. 2d 644 (1963). It has been recognized previously that the achievement of this goal requires that various procedures applicable to original determination hearings be applicable as well to redetermination hearings, even though not specifically set forth in § 10. Thus, the provisions in § 7 (a) relating to preparation of a report by the Institution have been found applicable in redetermination proceedings under § 10. *Schultz v. Director*, 227 Md. 666, 177 A. 2d 848 (1962). Similarly, the discovery provisions of § 8 (b) have been held to be available in redetermination hearings as well as in original proceedings. *Hall v. Director*, 245 Md. 687, 691, 226 A. 2d 669, 672 (1967) ; *Director v. Daniels, supra*, 243 Md. at 46, 221 A. 2d at 415. In our view, all of the procedures applicable to original determination hearings are applicable to redetermination hearings except when, as in *Silvestri*, a specific alternative procedure has been expressly provided in § 10. Section 10 contains no alternative procedure to that set forth in § 7 (b) with respect to a person's entitlement,

upon request, to be examined by a psychiatrist of his own choice. Consequently, we find that § 7 (b) is applicable in redetermination hearings. The subject of such a proceeding is entitled to an examination by an independent psychiatrist, and the court is entitled to that psychiatrist's written report. See *Director v. Daniels, supra; Schultz v. Director, supra.* Such a holding is consistent with the established practice of Maryland courts, followed by the court in granting this applicant's request for the appointment of a psychiatrist under authority of § 7 (b), to make such appointments for subjects of redetermination hearings. *Pence v. Director,* 235 Md. 651, 201 A. 2d 834 (1964). It is also consistent with the Act's policy of providing the subject of such a proceeding with the greatest possible safeguards. *Sas v. State,* 334 F. 2d 506, 516 (4th Cir. 1964).

Having concluded that § 7 (b) procedures apply in redetermination hearings, we must now consider whether the independent psychiatrist's report, although hearsay, was properly admitted. Section 7 (b) requires that the report be submitted "in writing addressed to the court," a requirement that would be rendered nugatory if the court were prohibited by the hearsay rule from considering the report during its deliberations. In construing identical language in § 7 (a), the Court of Appeals concluded that the legislature intended by it to create a clear exception to the hearsay rule. *Pierson v. Director,* 235 Md. 654, 657, 202 A. 2d 644, 646 (1964) ; *Fairbanks v. Director,* 226 Md. 661, 663, 173 A. 2d 913 (1961). We find that the same is true with regard to § 7 (b). Our holding is further supported by the absence of a doctor-patient privilege with regard to § 7 reports, *Simmons v. Director,* 227 Md. 661, 664, 177 A. 2d 409, 411 (1962) ; *Savage v. Director,* 5 Md. App. 1, 244 A. 2d 899 (1968) ; *Sas v. State, supra,* at 511, which is yet another indication that the patient has no right under the statute to withhold the psychiatrist's information from the court, even when unfavorable.

*Application denied.*